UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | |
|---|---|
| JPMORGAN CHASE BANK, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) | 3:02-CV-2266 (AVC) |
| v. ) | |
| ) | |
| RIDGEFIELD PROPERTIES LLC, ) | |
| SAMUELS & ASSOCIATES ) | |
| MANAGEMENT, LLC, and THE STOP & ) | |
| SHOP SUPERMARKET COMPANY LLC ) | |
| ) | |
| Defendants. ) | March 7, 2005 |

## AMENDED JOINT REPORT OF PARTIES' PLANNING MEETING

Pursuant to Fed.R.Civ.P. 16(b) and 26(f), D.Conn.L.Civ.R. 26(e), Court Order dated January 2005 and Court Notice dated January 26, 2005, JPMorgan Chase Bank ("Chase"), Ridgefield Properties LLC ("Ridgefield Properties"), Samuels & Associates Management, LLC ("Samuels") and The Stop & Shop Supermarket Company LLC ("Stop & Shop") submit this Amended Joint Report of Parties' Planning Meeting.

This Amended Report reflects the consolidation of two civil actions. The first action is between Chase as plaintiff and Ridgefield Properties and Samuels as defendants. The second action is between Chase as plaintiff and Stop & Shop as defendant.

Counsel for the parties have conferred with respect to this report. The conferring counsel were:

| | | |
|---|---|---|
| Timothy S. Fisher | Lewis K. Wise | Jeffrey J. Mirman |
| Jason C. Welch | Rogin, Nassau, Caplan, | Levy & Droney PC |
| McCarter & English, LLP | Lassman & Hirtle, LLC | 74 Batterson Park Road |
| CityPlace I, 36th Floor | CityPlace I, 22nd Floor | P.O. Box 887 |
| Hartford, CT  06103-3495 | Hartford, CT  06103-3495 | Farmington, CT  06034-0887 |
| *Attorneys for Plaintiff* | *Attorney for Defendant Stop & Shop* | *Attorney for Defendants Ridgefield Properties and Samuels* |

The following Amended Report resulted from that conference.

## I.    CERTIFICATION

The undersigned counsel certify that, after consultation with their clients, they have discussed the nature and basis of the parties' claims and defenses and any possibilities for achieving a prompt settlement or other resolution of the case and, in consultation with their clients, have developed the following proposed case management plan. The undersigned counsel further certify that they have forwarded a copy of this report to their clients.

## II.    JURISDICTION

### A.    Subject Matter Jurisdiction

This Court has subject matter jurisdiction pursuant to 28 U.S.C. Section 1332 in that this is a civil action arising between parties with diverse citizenship and with an amount in controversy greater than $75,000.00.

2

B.    **Personal Jurisdiction**

Personal jurisdiction is not contested.

## III. BRIEF DESCRIPTION OF CASES

A.    **Plaintiff's Claims**

1. Against Ridgefield Properties and Samuels.

Chase claims that Defendant Ridgefield Properties wrongfully sought to evict Chase from its Ridgefield, Connecticut location prior to Chase's duty to surrender the property pursuant to a lease agreement. The Defendant Ridgefield Properties pursued such eviction even though Chase was entitled to possession legally and pursuant to principles of equity. Chase's claims in this regard are five causes of action for declaratory relief, the granting of any one of which would have the effect of obviating the Defendants' counterclaims.

Chase also claims that Defendants Ridgefield Properties and Samuels, through various demolition and construction activities in the immediate area surrounding the location of Chase's Ridgefield, Connecticut Retail Banking branch, breached Chase's right to quiet enjoyment of the property and caused Chase to lose substantial business and incur damages.

Last, Chase claims that the Defendants Ridgefield Properties' and Samuels' actions and factual misrepresentations made during negotiations for a new lease violated Connecticut's Unfair Trade Practices Act ("CUTPA"). Conn. Gen. Stat. §§ 42-110a et seq.

2. Against Stop & Shop.

On or about January 22, 2004, Stop & Shop presented to Chase a "demand for damages" that allegedly arose from Chase's continued tenancy at the Copps Hill Plaza in

Ridgefield, Connecticut after December 31, 2002. Chase is seeking declaratory relief that, because it was entitled to remain at the Copps Hill Plaza past December 31, 2002, it cannot be liable to Stop & Shop. Chase also believes that it might have affirmative claims against Stop & Shop, which it will be able to articulate once discovery begins.

### B. Defenses and Counterclaims of Defendants

1. Ridgefield Properties and Samuels.

The Defendants Ridgefield Properties and Samuels deny the material allegations in Chase's Complaint and Defendant Ridgefield Properties claims that Chase's first five claims for relief are moot as Chase has surrendered the property.

Ridgefield Properties also counterclaims for (1) breach of the lease agreement arising from Chase's failure to surrender on December 31, 2002; (2) CUTPA violations arising from Chase's cessation of lease negotiations, failure to surrender the property and initiation of this action; and (3) tortious interference with Ridgefield Properties' leases with Genovese Drugs and the Stop & Shop Companies.

2. Stop & Shop.

Defendant Stop & Shop denies Chase's claim that Chase is not liable to Stop & Shop for damages. Stop & Shop will be asserting a counterclaim against Chase for damages arising from Chase's calculated business decision to holdover in the building it leased from Ridgefield for nearly five months after the expiration of its lease. That decision delayed a multi-million dollar construction project, including the planned expansion of a store operated by Stop & Shop. The delay caused by Chase's deliberate decision to holdover until its landlord

4

commenced judicial proceedings to require Chase to surrender the space it occupied caused both Ridgefield and Stop & Shop to suffer substantial damages.

Chase's conduct caused Stop & Shop to incur hundreds of thousands of dollars in damages in extra construction costs and lost profits. Stop & Shop anticipates that its counterclaim will include claims for (1) tortuous interference with business expectancies; and (2) violation of the Connecticut Unfair Trade Practices Act (C.G.S.A. § 42-110a, *et seq.*).

IV.    **STATEMENT OF UNDISPUTED FACTS**

Counsel certify that they have made a good faith attempt to determine whether there are any material facts that are not in dispute. The parties state that the following material facts are undisputed:

1. At the time of the incidents complained of, Plaintiff was a New York Banking corporation having a regular and established place of business in New York, New York.

2. Defendant Ridgefield Properties is a Delaware liability corporation having a regular and established place of business at 333 Newbury Street, Boston, Massachusetts.

3. Defendant Samuels is a Massachusetts limited liability corporation having its principal place of business at 333 Newbury Street, Boston, Massachusetts.

4. Predecessors of the Plaintiff and Defendant Ridgefield Properties entered into a lease for space located at Copps Hill Road and Route 35 in Ridgefield, Connecticut.

5. On January 2, 2003, Defendant Ridgefield Properties commenced a civil action to evict Chase from that property.

6.  On May 27, 2003, Chase surrendered that property to an agent of Defendant Ridgefield Properties.

## V.   CASE MANAGEMENT PLAN

### A.   Standing Order of Scheduling in Civil Cases

The parties request the following modification of the deadlines in the Standing Order on Scheduling Civil Cases as listed in detail in the following paragraphs:

| | |
|---|---|
| Plaintiff's Expert Reports: | November 30, 2005 |
| Defendants' Expert Reports: | November 30, 2005 |
| Close of Discovery: | December 31, 2005 |
| Filing of Dispositive Motions | January 31, 2006 |

### B.   Scheduling Conference with the Court

The parties do not request a scheduling conference with the Court before entering an order revising the scheduling order.

### C.   Early Settlement Conference

The parties certify that they have attempted to mediate this dispute including the claims of Stop & Shop before United States Magistrate Judge Martinez. Those attempts have failed. Thus, Chase and Stop & Shop do not request such a settlement conference. Ridgefield Properties and Samuels believe a further settlement conference is warranted.

### D.   Joinder of Parties and Amendment of Pleadings

The parties do not expect to join any additional parties. Stop & Shop will file any counter or cross-claims by March 15, 2005. The parties request until August 31, 2005 to file motions to amend pleadings.

E.  **Discovery**

1.  Timing and Scope of Rule 26(a)(1) Initial Disclosures.

Chase, Ridgefield Properties and Samuels previously opted out of the Initial Disclosures as required by Rule 26(a)(1).

2.  Chase, Ridgefield Properties and Samuels have conducted some discovery. The parties anticipate further discovery will be needed on the following subjects:

**For Plaintiff:** With respect to Ridgefield Properties and Samuels the plaintiff reasonably expects to seek discovery on lease negotiations between parties; negotiations, solicitation and communications to third parties regarding occupancy at Copps Hill Plaza and elsewhere; scheduling of construction at Copps Hill Plaza; events delaying and disrupting construction; communications by the Defendants to existing and new tenants at Copps Hill Plaza; facts and circumstances allegedly giving rise to Defendant Ridgefield Properties' counter claims and the Defendants purported damages.

With respect to Stop & Shop, the plaintiff expects to discover communications and documents regarding Stop & Shop's involvement in the expansion projects at Copps Hill Plaza; relating to construction at Copps Hill Plaza; relating to Stop & Shop's decisions pertaining to its use, occupancy and construction at the Copps Hill Plaza; relating to its contractual relations with the other defendants and breach thereof; relating to Stop & Shop's estimation of its revenues, profits and losses, including those of comparable stores; and relating to Stop & Shop's expansion project in Trumbull, Connecticut.

Plaintiff also reserves the right to seek additional discovery on any additional topic that is reasonably calculated to lead to the discovery of admissible evidence.

**For Defendants Ridgefield Properties and Samuels:** Plaintiff's efforts to obtain a new location for a Ridgefield Branch; Plaintiff's claims as to events excusing Plaintiff from vacating the leased premises on or before December 31, 2002; negotiations for a new lease between the parties; Plaintiff's understanding of the termination of the lease terms; Plaintiff's claims of loss of quiet enjoyment, breach of lease, and CUTPA; Plaintiff's purported damages. Defendants also reserve the right to seek additional discovery on any additional topic that is reasonably calculated to lead to the discovery of admissible evidence.

**For Defendant Stop & Shop:** The status of plaintiff's lease with Ridgefield; plaintiff's efforts to obtain a new location for its Ridgefield Branch; plaintiff's knowledge of Ridgefield's and Stop & Shop's redevelopment plans for Copps Hill Plaza; the reasons for plaintiff's failure to vacate its premises in a timely fashion.

Defendant Stop & Shop reserves the right to seek additional discovery on any additional topic that is reasonably calculated to lead to the discovery of admissible evidence.

3.  For the reasons set forth above, the parties propose that all discovery, including depositions of expert witnesses pursuant to Fed.R.Civ.P.26(b)(4), will be commenced upon the filing of this report and completed (not propounded) by December 31, 2005.

4.  Discovery will not be conducted in phases in its initial stages.

5.  There are no issues for early discovery.

6.  Because case involves two actions against distinct defendants, the parties anticipate that the plaintiff will require a total of not more than twenty-five depositions of fact

witnesses and that each defendant will require a total of not more than ten depositions of fact witnesses. The depositions will commence immediately and be completed by December 31, 2005.

7.  The parties will not request permission to serve more than 25 interrogatories.

8.  Plaintiff intends to call expert witnesses at trial. The parties propose that the plaintiff designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.P.26(a)(2) by a date not later than November 30, 2005. Depositions of any such experts shall be completed not later than December 31, 2005.

9.  Defendants intend to call expert witnesses at trial. The parties propose that the defendants designate all trial experts and provide opposing counsel with reports from retained experts pursuant to Fed.R.Civ.P.26(a)(2) by a date not later than November 30, 2005. Depositions of such experts will be completed by a date not later than December 31, 2005.

10. The parties propose that damages analysis be provided by any party who has a claim or counterclaim for damages with their expert reports.

**F.   Dispositive Motions**

The parties propose that all dispositive motions be filed by January 31, 2006.

**G.   Joint Trial Memorandum**

The joint trial memorandum required by the Standing Order on Trial Memoranda in Civil Cases will be filed within 60 days after the close of discovery or the ruling(s) on all dispositive motions, whichever is later.

## VI. TRIAL READINESS

The case will be ready for trial by May 1, 2006 or thirty (30) days after a ruling on all dispositive motions, whichever is later.

As officers of the Court, undersigned counsel agree to cooperate with each other and the Court to promote the just, speedy and inexpensive determination of this action.

PLAINTIFF, JPMORGAN CHASE BANK

By: _____
Timothy S. Fisher (CT 05370)
Jason C. Welch (CT 23418)
McCarter & English, LLP
City Place I, 36th Floor
Hartford, CT 06103-3495
860.275.6700
tfisher@mccarter.com

DEFENDANTS, RIDGEFIELD PROPERTIES LLC and SAMUELS & ASSOCIATES MANAGEMENT, LLC

By: _____
Jeffrey J. Mirman (CT 05433)
Levy & Droney PC
74 Batterson Park Road
Farmington, CT 06034
860.676.3120

DEFENDANT THE STOP & SHOP
SUPERMARKET COMPANY LLC

By: /s/ Lewis K. Wise
Lewis K. Wise (CT 05716)
Rogin, Nassau, Caplan, Lassman & Hirtle, LLC
City Place I, 22nd Floor
Hartford, CT 06103-3495
860.278.7480