UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JPMORGAN CHASE BANK, <br><br> Plaintiff, <br><br> v. <br><br> RIDGEFIELD PROPERTIES LLC, SAMUELS & ASSOCIATES MANAGEMENT, LLC and THE STOP & SHOP SUPERMARKET COMPANY, LLC, <br><br> Defendants. | CIVIL ACTION NO. <br> 3:02-CV-2266 (AVC) <br><br><br><br><br><br><br><br> March 10, 2005 |

**MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S
MOTION TO STRIKE FIFTH AFFIRMATIVE DEFENSE**

Plaintiff JPMorgan Chase Bank ("Chase") submits this memorandum in support of its Motion to Strike Fifth Affirmative Defense, filed pursuant to Rule 12(f) of the Federal Rules of Civil Procedure. Defendants Ridgefield Properties LLC's ("Ridgefield Properties") and Samuels & Associates Management, LLC's, ("Samuels") Fifth Affirmative Defenses should be stricken as insufficiently plead.

**I.    NATURE OF THE CASE AND STATUS OF THE PLEADINGS.**

This case arises from the Defendants Ridgefield Properties' and Samuels' injurious conduct and their breach of numerous covenants express and implied in a lease agreement between Chase and Defendant Ridgefield Properties (the "Lease"). It also concerns Chase's right to possess property, which is the subject of the Lease, from January 1, 2003, until May 27, 2003.

HARTFORD: 634737.01

City Amusements v. Frog Pond, Inc., CV94 0310493S, 1995 WL 79996, at *3 (Conn. Super. Ct. Feb 10, 1995) (attached as Tab A); see also Pence v. United States, 316 U.S. 332, 338 (1942).

   In addition, when pleading an affirmative defense of fraud in Federal Court, the defendants "must plead their affirmative defenses alleging fraud with the particularity required by Fed. R. Civ. P. 9(b)." Yurman Design Inc. v. Chaindom Enter., Inc., No. 99 Civ 3907, 2002 WL 31358991, at *2 (S.D.N.Y. Sep. 30, 2002) (attached as Tab B); see Point DX Inc. v. Voxar Ltd., No. Civ. 1:01CV01130, 2002 WL 31189696, at * 1 (M.D.N.C. Sep. 20, 2002) (attached as Tab C); Zic v. Italian Gov't Travel Office, 130 F. Supp. 2d 991, 998 (N.D. Ill. 2001). Rule 9(b) states: "In all averments of fraud or mistake the circumstances constituting fraud or mistake shall be stated with particularity." Fed. R. Civ. P. 9(b). The Second Circuit has interpreted this provision to require that a pleading "(1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." Yurman Design Inc., 2002 WL 31358991, at *2 (quoting Stevelman v. Alias Research Inc., 174 F.3d 79, 84 (2d Cir. 1999)).

   The Fifth Affirmative Defense fails: (1) to adequately plead the defense of fraud pursuant to Connecticut law; and (2) to do so with the requisite specificity of Fed. R. Civ. P. 9(b). First, the Defendants' Fifth Affirmative Defense fails to plead all of the required elements of a defense of fraud. Specifically, it fails to allege false representations made as statements of fact and fails to plead reliance on such representations. Instead, the Defendants make the naked assertions that "in that at all times [Chase] acted in a manner to delay vacating the premises because it had no place to relocate. . . ." (Fifth Affirmative Defense.) Such action, in and of itself, cannot as a matter of law constitute fraud. Thus, even assuming that the claim made in the Fifth Affirmative Defense is true, it fails to state a defense of fraud.

As a natural consequence of the Defendant's failure to plead adequately the defense of fraud, the Fifth Affirmative Defense fails to comport with Rule 9(b). The Defendants fail to: (1) specify the statements that they contend were fraudulent; (2) identify the speaker; (3) state where and when the statements were made; and (4) explain why the statements were fraudulent. Thus, the defense fails to comport with the requirements of Rule 9(b).

Further, the Defendants have pled the Fifth Affirmative Defense as to all counts. Fraud, however, is only a defense to equitable claims and to contract formation. The Defendants, therefore, should be precluded from repleading this defense as to all claims.

## III.  CONCLUSION

Having failed to plead a prima facia defense of fraud and having failed to do so with the specificity required by Rule 9(b), the Defendants' Fifth Affirmative Defenses should be stricken.

RESPECTFULLY SUBMITTED,
THE PLAINTIFF,
JPMORGAN CHASE BANK,
BY MCCARTER & ENGLISH, LLP
ITS ATTORNEYS

By: _____
Timothy S. Fisher (CT 05370)
Jason C. Welch (CT 23418)
McCarter & English, LLP
City Place I, 36th Floor
Hartford, CT 06103-3495
860.275.6775
tfisher@mccarter.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing MEMORANDUM OF LAW IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE FIFTH AFFIRMATIVE DEFENSE has been sent via regular mail, postage prepaid this 10th day of March, 2005.

Jeffrey J. Mirman, Esq.
Levy & Droney PC
74 Batterson Park Road
P.O. Box 887
Farmington, CT 06034-0887

Lewis Wise, Esq.
Rogin Nassau
CityPlace I
185 Asylum Street
Hartford, CT 06103

_____
Jason C. Welch

# EXHIBIT A

Westlaw.

Not Reported in A.2d  
1995 WL 79996 (Conn.Super.)  
**(Cite as: 1995 WL 79996 (Conn.Super.))**

Page 1

Only the Westlaw citation is currently available.

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Connecticut, Judicial District of Fairfield, at Bridgeport.  
PARK CITY AMUSEMENTS  
v.  
FROG POND, INC., et al.  
**CV94 0310493S.**

Feb. 10, 1995.

*MEMORANDUM OF DECISION RE: MOTION FOR SUMMARY JUDGMENT (# 124)*

MAIOCCO, Judge.

*1 The defendant moves for summary judgment in this action to recover for breach of a contract to maintain video games in a bar, on the ground (1) that the contract is unenforceable because it was induced by fraud, (2) that the contract is unenforceable because of the statute of frauds, and (3) that the contract is unenforceable because it was not recorded as a land deed.

The following facts are pertinent to a consideration of this motion:

On August 12, 1994, the plaintiff, Park City Amusements, Inc., filed a two count [FN1] amended complaint against the defendant, Frog Pond, Inc. [FN2] Count one alleges that in November, 1992, the plaintiff displayed to the defendant the terms of a contract. This contract called for the plaintiff to place two game machines and a vending machine at the defendant's establishment for a set period of time. The defendant agreed to allow the machines for six months. After that time, the defendant breached the agreement when it ordered the plaintiff to remove its machines.

On December 9, 1994, the defendant filed a motion for summary judgment on count one. The defendant filed a memorandum of law in support. The defendant also filed various affidavits and exhibits to its memorandum of law. [FN3] The plaintiff filed a memorandum of law in opposition, which is dated December 28, 1994 and attached thereto, numerous affidavits. [FN4]

If the non-moving party does not contest the facts in the moving party's affidavit, "the court is entitled to rely upon the facts stated in the affidavit of the movant." *Bartha v. Waterbury House Wrecking Co., 190 Conn. 8, 11-12, 459 A.2d 115 (1983).* See also *Hetkowski v. Aetna Life and Casualty Co., 224 Conn. 145, 149, 617 A.2d 451 (1992).*

In its memorandum of law, the defendant submits additional documentation that present the following facts, which it claims are undisputed. On August 14, 1992, the defendant purchased a bar/restaurant known as "The Frog Pond" (bar) from Richard F. Lebski, Inc. The sale agreement [FN5] stated explicitly that the bar's former owner had "entered into no contract to sell or mortgage or lease [his or her] business, or any portion or personal property thereof."

After the defendant's incorporators had bought the bar, it learned that the plaintiff had several coin-operated machines on the bar's premises. According to John Miranda's affidavit (Exhibit A), Park City Amusements advised him that it had entered into a five year lease with the bar's former owner and that it intended to enforce the lease against the new owners. The court must note that none of the affidavits that the plaintiff submitted refer to this lease. Further, none of the plaintiff's affidavits deny that Park City Amusements, Inc. threatened to enforce the lease.

The plaintiff's and defendant's affidavits agree that the parties met to resolve their differences. The affidavits also agree that the parties agreed that for six months the plaintiff could keep its machines on the defendant's premises. The latest date that the affidavits suggest for this meeting is December, 1993. Miranda's affidavit states that he did not assent to the terms of the lease that the plaintiff suggests it had with the bar's former owner. The plaintiff's affidavits do not refer to this lease.

*2 The defendant submitted an affidavit of Richard F. Lebski who is the president of Richard F. Lebski, Inc., which owned the bar before selling it to John Miranda, Olga Miranda and Lucy DeFigueriedo. Lebski states in the affidavit that he never signed the lease that Park City Amusements displayed to

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:02-cv-02266-AVC    Document 65    Filed 03/11/2005    Page 7 of 18

Not Reported in A.2d                                                                                                        Page 2
1995 WL 79996 (Conn.Super.)
(Cite as: 1995 WL 79996 (Conn.Super.))

Miranda. This affidavit is not contested. [FN6]

Practice Book § 384 provides that summary judgment " 'shall be rendered forthwith if the pleadings, affidavits and any other proof submitted show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.' " *Suarez v. Dickmont Plastics Corp.,* 229 Conn. 99, 105, 639 A.2d 507 (1994). The moving party bears "the burden of showing the absence of any genuine issue as to all the material facts which, under applicable principles of substantive law, entitle him to a judgment as a matter of law." (Internal quotation marks omitted.) Id. A material fact is one that will make a difference in the outcome of the case. *Yanow v. Teal Industries, Inc.,* 178 Conn. 262, 269, 422 A.2d 311 (1979). When reviewing the evidence presented by the parties, "the trial court must view the evidence in the light most favorable to the nonmoving party." *Lees v. Middlesex Insurance Co.,* 229 Conn. 842, 849-50, --- A.2d ---- (1994).

" 'It is ... well recognized that summary judgment procedure is particularly inappropriate where the inferences which the parties seek to have drawn deal with questions of motive, intent and subjective feelings and reactions.' " *State v. Goggin,* 208 Conn. 606, 619, 549 A.2d 250 (1988), quoting *United Oil Co. v. Urban Redevelopment Commission,* 158 Conn. 364, 376, 260 A.2d 596 (1969). Nevertheless, the Connecticut Supreme Court has "also held ... that even with respect to questions of motive, intent and good faith, the party opposing summary judgment must present a factual predicate for his argument in order to raise a genuine issue of fact." *Wadia Enterprises Inc. v. Hirshfield,* 224 Conn. 240, 250, 618 A.2d 506 (1992).

The defendant proposes three reasons for granting it summary judgment. [FN7] First, the plaintiff fraudulently induced the defendant into agreeing to the oral contract, which permitted the plaintiff to place its machines in the bar for six months. Second, the plaintiff cannot rely on an oral lease because oral leases are unenforceable as a matter of law because of the statute of frauds, General Statutes § 52-550. Third, the plaintiff cannot rely on an oral lease because oral leases are unenforceable as a matter of law because of General Statutes § 47-19.

In its memorandum of law in opposition, the plaintiff argues that a genuine issue of material fact exists as to the terms of the oral agreement between the plaintiff and defendant. The plaintiff further argues that the statute of frauds does not apply because the agreement has been partially performed. Finally, the plaintiff argues that General Statutes § 47-19 does not apply because the plaintiff does not claim that there is a lease of an interest in real estate.

A. Fraudulent inducement

*3 The defendant argues that the contract is not enforceable because it was fraudulently induced into entering the contract. The plaintiff contends that a genuine issue of material fact exists as to the terms of the oral agreement between the plaintiff and the defendant.

"The essential elements of [a special defense of] fraud ... are: (1) that a false representation was made as a statement of fact; (2) that it was untrue and known to be untrue by the party making it; (3) that it was made to induce the other party to act on it; and (4) that the latter did so act on it to his injury." *First Charter National Bank v. Ross,* 29 Conn.App. 667, 670, 617 A.2d 909 (1992), appeal dismissed, 228 Conn. 203, 635 A.2d 796 (1994). The defendant must prove its special defense by clear and convincing evidence. *Pelarinos v. Henderson,* 34 Conn.App. 726, 731, 643 A.2d 894 (1994).

The affidavits from the plaintiff discuss the agreement between the plaintiff and defendant. Gus Curcio, Jr., Dahill Donofrio and Paul Van Stone each state, through affidavit, that they were present when the negotiations occurred. All three affidavits are silent about the issue of misrepresentation.

The defendant submitted affidavits to support its argument that it was fraudulently induced. The affidavit of John Miranda, the defendant's president, states that he was shown a purported lease by the plaintiff's agents and that the plaintiff's agents threatened to enforce the lease. Miranda states that he agreed to the oral agreement that permitted the plaintiff to keep its machines on the defendant's premises because he feared a suit. The defendant also submitted an affidavit of the former owner of the bar that states that the lease was a fraud.

After reviewing all submitted affidavits, it is apparent to the court that the defendant has not met its burden of proving that there is no genuine issue of material fact regarding the motivation of the parties when they entered into the agreement. Consequently, the court will not enter summary judgment where, as here, the defendant's burden of proof is higher because the special defense is fraud.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:02-cv-02266-AVC    Document 65    Filed 03/11/2005    Page 8 of 18

Not Reported in A.2d    Page 3
1995 WL 79996 (Conn.Super.)
(Cite as: 1995 WL 79996 (Conn.Super.))

This increased quantum of proof and the demanding standard for resolving issues of fact on summary judgment militate against granting summary judgment on the ground that the plaintiff was induced to enter the contract fraudulently.

B. Statute of Frauds

The defendant argues that the statute of frauds bars the enforcement of this oral agreement. The plaintiff responds that the statute of frauds does not apply to this agreement.

"No civil action may be maintained in the following cases unless the agreement, or a memorandum of the agreement, is made in writing and signed by a party, or the agent of the party, to be charged: ... (5) upon any agreement that is not to be performed within one year from the making thereof." General Statutes § 52-550(a).

"[A]n oral contract that does not say, in express terms, that performance is to have a specific duration beyond one year is, as a matter of law, the functional equivalent of a contract of indefinite duration for the purposes of the statute of frauds. Like a contract of indefinite duration, such a contract is enforceable because it is outside the prescriptive force of the statute regardless of how long completion of performance will actually take." C.R. Klewin, Inc. v. Flagship Properties, Inc., 220 Conn. 569, 583-84, 600 A.2d 772 (1991).

*4 The defendant has not met its burden of establishing that the oral contract that permitted the plaintiff to place its machines on the defendant's property was for a specific duration. Because the court does not know the definite time within which the contract must be performed, the court must conclude, as it evaluates the motion for summary judgment, that the oral contract is for an indefinite period of time. Under the rule of C.R. Klewin, the statute of frauds does not apply to an oral contract for an indefinite time. Therefore, the defendant's motion for summary judgment cannot be granted on the ground that the contract is unenforceable because of the statute of frauds.

C. Land record

The defendant also argues that this oral agreement is not enforceable because it was not recorded as a land record. The plaintiff responds that the oral agreement did not have to be recorded as a land record.

"No lease of any building, land or tenement, for life or for any term exceeding one year or which provides for the renewal thereof or an option to purchase such building, land or tenement, shall be effectual against any person other than the lessor and lessee and their respective heirs, successors, administrators and executors, unless it is in writing, executed, attested, acknowledged and recorded in the same manner as a deed of land." General Statutes § 47-19.

"A lease is a contract under which an exclusive possessory interest in property is conveyed. Monarch Accounting Supplies, Inc. v. Prezioso, 170 Conn. 659, 663-64, 368 A.2d 6 (1976); Jo-Mark Sand & Gravel Co. v. Pantanella, 139 Conn. 598, 601, 96 A.2d 217 (1953)." Clean Corp. v. Foston, 33 Conn.App. 197, 201, 634 A.2d 1200 (1993). "Unlike a lease, a license in real property is a mere privilege to act on the land of another, which does not produce an interest in the property. State v. Allen, 216 Conn. 367, 380, 579 A.2d 1066 (1990); State v. Grant, 6 Conn.App. 24, 29, 502 A.2d 945 (1986)." Id., 203.

A genuine issue of material fact exists as to whether the contract in this case is a lease or a license. The defendant has not met its burden of proof that it gave exclusive possession to its premises to the plaintiff. The court cannot decide, as a matter of law, that the contract was a lease. Without sufficient evidence to determine whether the contract is a lease, the court cannot as a matter of law conclude that the contract must be recorded under General Statutes § 47-19. Therefore, the defendant's motion for summary judgment is denied on this ground.

Accordingly, the defendant's motion for summary judgment is denied.

> FN1. Count two alleges that the defendant wrongfully ordered the plaintiff to remove the machines. Count two is not before the court.
>
> FN2. Frog Pond, Inc. was incorporated on July 30, 1992. On August 14, 1992, John Miranda, Olga Miranda and Lucy DeFigueiredo purchased the bar. John Miranda is now the president of Frog Pond, Inc. It would appear that throughout these events, he is acting on behalf of Frog Pond, Inc.
>
> FN3. The exhibits are: Exhibit A--affidavit of John Miranda, Sr., the president of Frog

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:02-cv-02266-AVC    Document 65    Filed 03/11/2005    Page 9 of 18

Not Reported in A.2d    Page 4
1995 WL 79996 (Conn.Super.)
(Cite as: 1995 WL 79996 (Conn.Super.))

Pond, Inc.; Exhibit B--affidavit of Richard F. Lebski, president of Richard F. Lebski, Inc.; Exhibit C--sale agreement between Richard F. Lebski, Inc. and John Miranda and others; Exhibit D-- lease between Frog Pond Restaurant Inc. (landlord) and Park City Amusements (tenant); Exhibit E-- demand letter from John D. Miranda, President of Frog Pond, Inc. to Park City Amusements, Inc.; and Exhibit F--demand letter from the attorney for Frog Pond, Inc. to the attorney for Park City Amusements, Inc.

FN4. The affidavits are from Gus Curcio, Jr.; Dahill Donofrio; Stanley Kaplin; and Paul Van Stone.

FN5. The defendant attached the sale agreement between Richard F. Lebski, Inc. and John Miranda, Olga Miranda and Lucy DeFigueriedo (the people who founded the defendant) as Exhibit C to its memorandum of law.

FN6. In an earlier pleading, which has been amended, count one claims that the defendant breached the terms of this written lease. As it exists before the court, count one claims that the defendant breached the terms of an oral agreement.

FN7. In its memorandum in support of its motion for summary judgment, the defendant also mentions that the contract was terminable at will by either party after six months. However, the defendant has not briefed this issue and has not cited any cases in support. Accordingly, this argument is deemed waived and the court will not consider it. *Pie Plate, Inc. v. Texaco, Inc.*, 35 Conn.App. 305, 315, 645 A.2d 1044, cert. denied, 231 Conn. 934, --- A.2d ---- (1994).

1995 WL 79996 (Conn.Super.)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT B

**Westlaw.**

Not Reported in F.Supp.2d
2002 WL 31358991 (S.D.N.Y.), 2002 Copr.L.Dec. P 28,510
(Cite as: 2002 WL 31358991 (S.D.N.Y.))

Page 1

**H**

Motions, Pleadings and Filings

United States District Court,
S.D. New York.
YURMAN DESIGN INC., Plaintiff,
v.
CHAINDOM ENTERPRISES, INC., and Shieler Trading Corporation, Defendants.
No. 99 Civ. 9307(JFK).

Sept. 30, 2002.

Copyright holder brought action against competitor for copyright infringement. Competitor filed counterclaims, alleging that holder's copyright of bracelet was invalid and unenforceable, and that holder committed fraud by failing to disclose allegedly derivative nature of its additional designs of bracelet. On holder's motion to dismiss counterclaims for failure to state claim, and to dismiss or strike competitor's affirmative defenses, the District Court, Keenan, J., held that: (1) competitor, in asserting fraud-based affirmative defenses to copyright infringement action, did not plead fraud with requisite particularity, and thus defenses would be stricken; (2) holder affixed proper copyright notice to its work when it was published, and thus copyright registration was valid; (3) holder did not commit fraud on Copyright Office by not disclosing information that "D.Y.," its source identifier, was not registered trademark of its design at time of application for copyright; and (4) holder did not commit fraud by failing to disclose to Copyright Office the allegedly derivative nature of its additional designs of bracelet, which it had previously copyrighted, when it applied for copyrights for new designs.

Motion granted.

West Headnotes

[1] Copyrights and Intellectual Property 82
99k82 Most Cited Cases

[1] Federal Civil Procedure 636
170Ak636 Most Cited Cases
Competitor, in asserting fraud-based affirmative defenses to copyright infringement action by copyright holder, did not plead fraud with requisite particularity, and thus defenses would be stricken. Fed.Rules Civ.Proc.Rule 9(b), 12(f), 28 U.S.C.A.

[2] Copyrights and Intellectual Property 50.1(2)
99k50.1(2) Most Cited Cases
Copyright holder affixed proper copyright notice to its work when it was published, and thus copyright registration was valid; source identifier, which was initials "D.Y.," was recognizable to purchasing audience of holder, and more detailed identifier would not have affected their recognition of holder's work in marketplace.

[3] Copyrights and Intellectual Property 50.20
99k50.20 Most Cited Cases
Copyright holder did not commit fraud on Copyright Office by not disclosing information that "D.Y.," its source identifier, was not registered trademark of its design at time of application for copyright, absent evidence that Copyright Office would have rejected application had it known it was not registered trademark.

[4] Copyrights and Intellectual Property 50.20
99k50.20 Most Cited Cases
Copyright holder did not commit fraud by failing to disclose to Copyright Office the allegedly derivative nature of its additional designs of bracelet, which it had previously copyrighted, when it applied for copyrights for new designs; copyright applicants were not required to disclose that their works were derived from other works they had created.

Salans Hertzfeld Heilbronn Christy & Viener, New York, New York, Maxim H. Waldbaum, Lori D. Greendorfer, for Plaintiff, of counsel.

Cooper & Dunham LLP, New York, New York, Robert D. Katz, Robert T. Maldonado, for Defendant Chaindom Enterprises, Inc., of counsel.

Wade, Clark, Mulcahy, New York, New York, Dennis M. Wade, Suzanne O'Keefe, for Defendant Shieler Trading Corporation, of counsel.

*OPINION AND ORDER*

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2002 WL 31358991 (S.D.N.Y.), 2002 Copr.L.Dec. P 28,510
(Cite as: 2002 WL 31358991 (S.D.N.Y.))

Page 2

KEENAN, J.

*1 Plaintiff Yurman Design Inc. ("Yurman") moves pursuant to Rules 9(b), 12(f), and 12(b)(6) of the Federal Rules of Civil Procedure, to dismiss or strike defendant Chaindom Enterprises, Inc.'s ("Chaindom") first and second counterclaims, [FN1] and second, sixth and eighth affirmative defenses. For the reasons outlined below, plaintiff's motion is granted.

> FN1. Plaintiff had also argued that the second counterclaim should be dismissed for lack of standing because there is no case or controversy in connection with Registration No. V Au 405-161 ("David Yurman 1993 Collection"). Chaindom stipulates to the dismissal of Registration No. VAu 405-161 from its affirmative defenses and second counterclaim.

*Background*

The factual background of this case has been set out in great detail in previous opinions of this Court with which familiarity is assumed. *See Yurman Design Inc. v. Chaindom Enterprises, Inc.,* No. 99 Civ. 9307, 2001 WL 725291 (S.D.N.Y., June 27, 2001); *Yurman Design, Inc. v. Chaindom Enters., Inc.,* No. 99 Civ. 9307, 2000 WL 897141 (S.D.N.Y. July 5, 2000); *Yurman Design, Inc. v. Chaindom Enters., Inc.,* No. 99 Civ. 9307, 1999 WL 1075942 (S.D.N.Y. Nov.29, 1999), *aff'd,* --- F.3d ----, 2001 WL 138376 (2d Cir. Feb.15, 2001). As a result, only the facts relevant to this motion will be restated.

Yurman brought this copyright infringement action alleging that defendants infringed the design of several of its bracelets. On November 29, 1999, this Court granted Yurman's petition for a preliminary injunction enjoining defendants from the manufacture and sale of the bracelets at issue.

Yurman now moves to dismiss or strike Chaindom's first and second counterclaims, and second, sixth and eighth affirmative defenses. Plaintiff contends that these affirmative defenses are virtually identical to those this Court dismissed in July 2000. *See Yurman Design, Inc. v. Chaindom Enters., Inc.,* No. 99 Civ. 9307, 2000 WL 897141 (S.D.N.Y. July 5, 2000). In that decision, this Court granted Yurman's motion to strike Chaindom's eighth and ninth affirmative defenses which alleged that the copyright registration was fraudulently obtained. Those defenses were dismissed under Rule 9(b) for failure to plead the affirmative defenses with the requisite particularity for a fraud claim. Plaintiff argues that again the affirmative defenses here fail to specify any facts supporting a claim for fraud on the Copyright Office and should be stricken under the law of the case doctrine.

In the alternative, plaintiff argues that the defenses should be stricken under Fed.R.Civ.P. 12(f) on the basis of legal insufficiency because there are no legal or factual issues to be resolved. Finally, plaintiff argues that it will be prejudiced by including these defenses because of the expense and delay entailed in litigating them.

*Discussion*

A. *Law of the case doctrine*

Under the law of the case doctrine, Yurman argues that these defenses should be struck as they are nearly identical to those this Court dismissed in July 2000. In that decision, the Court dismissed Chaindom's eighth and ninth affirmative defenses under Rule 9(b) for failure to plead the defenses with particularity the way in which the copyright registration was fraudulently obtained. Those defenses failed to specify the statements that Defendants maintain were fraudulent or to explain why the statements were fraudulent. Plaintiff argues that again these defenses fail to specify any facts supporting a claim for fraud on the Copyright Office.

*2 Under the law of the case doctrine, once a court decides a rule of law, that decision should govern in later stages of the same case. *Steinfeld v. Marks,* No. 96 Civ. 0552, 1997 WL 563340, at *2 (S.D.N.Y. Sept. 8, 1997). It is in the court's discretion to apply the doctrine. *Id.*

Chaindom's language in the defenses is virtually identical and arguably broader by the use of the language "one or more" copyright registrations. The defenses do not allege the fraud with more particularity as required. Juxtaposing them most easily demonstrates their similarity:

---

July 2000                                    Present case

---

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Case 3:02-cv-02266-AVC  Document 65  Filed 03/11/2005  Page 13 of 18

Not Reported in F.Supp.2d  Page 3
2002 WL 31358991 (S.D.N.Y.), 2002 Copr.L.Dec. P 28,510
(Cite as: 2002 WL 31358991 (S.D.N.Y.))

| Eighth affirmative defense: "Upon information and belief, the copyright registration set forth herein was fraudulently obtained in that the plaintiff is neither author nor owner of the work which is the subject of said registration." | Sixth Affirmative defense: "Plaintiff's claims are barred by the doctrine of unclean hands by reason of plaintiff's failure to disclose material information to the United States Copyright Office as set forth in Chaindom's counterclaims." Am. Ans. ¶ 38. |
|---|---|
| Ninth affirmative defense: "Upon information and belief, the copyright registration set forth herein as fraudulently obtained in that the plaintiff did not represent that the work was a derivative of a previously authored work." | Eighth affirmative defense: "Upon information and belief, the copyright registrations asserted herein were fraudulently obtained in that the plaintiff provided false factual information to the Copyright Office and did not represent that the works were derivative works, as described in Chaindom's counterclaims, infra." Am. Ans. ¶ 40. |

Alternatively, Yurman argues that these defenses independently do not meet the requirements of Rule 9(b). Plaintiff argues that again these defenses fail to specify any facts supporting a claim for fraud on the Copyright Office.

[1] Defendants must plead their affirmative defenses alleging fraud with the particularity required by Fed.R.Civ.P. 9(b). See *Park & Lexington 25th Street Corp. v. Federal Ins. Co.*, No. 93 Civ. 6939, 1995 WL 217552, *1 (S.D.N.Y. Apr.13, 1995); *Telectronics Proprietary, Ltd. v. Medtronic, Inc.*, 687 F.Supp. 832, 841 (S.D.N.Y.1988). Rule 9(b) provides: "In all averments of fraud or mistake the circumstances constituting fraud or mistake shall be stated with particularity." To state a claim with the required particularity, a complaint "must: (1) specify the statements that the plaintiff contends were fraudulent, (2) identify the speaker, (3) state where and when the statements were made, and (4) explain why the statements were fraudulent." See *Stevelman v. Alias Research Inc.*, 174 F.3d 79, 84 (2d Cir.1999) (citation omitted). Although Rule 9(b) also provides that "[m]alice, intent, knowledge, and other condition of mind of a person may be averred generally," the Second Circuit has established that plaintiffs must nonetheless "allege facts that give rise to a strong inference of fraudulent intent." See *Chill v. General Elec. Co.*, 101 F.3d 263, 266 (2d Cir.1996) (citation omitted).

*3 Under Rule 9(b), these defenses do not independently plead fraud with the requisite particularity. Independent of their similarity to the previously dismissed defenses, these defenses warrant dismissal for their insufficiency.

Chaindom correctly note that the issue here is not whether they will be successful on their claims but whether their pleadings are sufficient to proceed. The Court finds that the evidence will not prove sufficient on these claims nor do they meet the necessary pleading requirements.

Under Fed.R.Civ.P. 12(f), the Court in its discretion or "upon the court's own initiative at any time" may order stricken from any pleading "any insufficient defense." See Fed. R. Civ. P 12(f). Therefore, Chaindom's second, sixth and eight affirmative defenses are stricken. Chaindom's failure to allege these defenses with more particularity after being afforded a second opportunity to do so weighs in favor of dismissal. The Court will not grant Chaindom leave to replead.

B. *Motion to dismiss*

Yurman moves to dismiss Chaindom's first and second counterclaims. A motion to dismiss for failure to state a claim pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure should be granted only if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his claim that would entitle him to relief." *Cooper v. Parsky,* 140 F.3d 433, 440 (2d Cir.1998) (quoting *Conley v. Gibson,* 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). The factual allegations set forth in the complaint must be accepted as true, *see Zinermon v. Burch,* 494 U.S. 113, 118, 110 S.Ct. 975, 108 L.Ed.2d 100 (1990), and the court must draw all reasonable inferences in favor of plaintiff. *See Thomas v. City of New York,* 143 F.3d 31, 36 (2d Cir.1998). The issue on a motion to dismiss "is not whether ... plaintiff will ultimately prevail but whether the claimant is entitled to offer evidence to support the claims." *Villager Pond, Inc. v. Town of Darien,* 56 F.3d 375, 378 (2d Cir.1995) (citation omitted). Nevertheless, the complaint must contain allegations concerning each of the material elements necessary to sustain recovery under a viable legal theory. *See Connolly v. Havens,* 763 F.Supp. 6, 9 (S.D.N.Y.1991).

1. First Counterclaim

[2] In its Amended Answer, Chaindom asserts in its first counterclaim the invalidity and unenforceability of the copyright registration for bracelet B4027. Chaindom claims that Yurman failed to affix a proper copyright notice to its work when it was published in 1985. Chaindom claims that this failure invalidates the copyright registration and places bracelet B4027 in the public domain. Chaindom claims that "the initials "D.Y." were not an abbreviation by which the plaintiff could be recognized in 1985." Am. Ans. ¶ 61.

Chaindom also claims that Yurman committed fraud on the Copyright Office by presenting false factual statements to the Office regarding its notice by not claiming David Yurman as its source identifier. Chaindom alleges that Yurman misrepresented to the Copyright office that "D.Y." was a source identifier for Yurman Design in 1985.

*4 The Court finds that it defies common sense not to recognize the initials "D.Y." as a source identifier for David Yurman. D.Y. is a registered trademark of Yurman Design and is used in Yurman's advertising. *See* Greendorfer. Aff. ¶ 4. The purchasing audience of Yurman would have recognized the initials. A more detailed identifier would not have affected the buyers' recognition of Yurman's work in the marketplace.

[3] Further, a claim of fraud on the Copyright Office requires a showing that: "(1) the registrant intentionally and deliberately omitted information from the copyright application in question; and (2) that the Copyright Office probably would have rejected the application had the omitted information been disclosed." *O.T. Pickell Builders, Inc. v. Witowski,* No. 96 Civ. 4233, 1998 WL 664949, at *5 (N.D.Ill. Sept. 16, 1998). There is no proof that even if Yurman had intentionally omitted the information that "D.Y." was not a registered trademark of Yurman design at the time of the application the Copyright Office would have rejected the application. This omission falls under the umbrella of innocent mistake more than that of evil intent.

Therefore, Chaindom's first counterclaim is dismissed.

2. Second Counterclaim

[4] In its second counterclaim, Chaindom claims that Yurman committed fraud by failing to disclose the allegedly derivative nature of its additional designs from bracelet B4027. Chaindom claims that the differences in the design of the B4157, B4260 and B4995 bracelets, and bracelet B4027, are "de minimis, constitute no more than trivial variations, and fail to meet the minimal threshold for originality established by the Copyright Act." Am. Ans ¶ 71. This argument rests on the false premise that a copyright applicant must disclose that its work is derived from another work the applicant has created. A work will be considered a derivative work only if it would be considered an infringing work if the material that it has derived from a pre-existing work had been taken without the consent of the copyright proprietor of such pre-existing work. *Twentieth Century Fox Film Corp. v. Marvel Enters., Inc.,* 155 F.Supp.2d 1, 24 n. 37 (S.D.N.Y.2001), (citing 1 Nimmer on Copyright § 3.01 (1986)), *aff'd in part on other grounds,* 277 F.3d 253, 2002 WL 46950 (2d Cir. Jan. 14.2002). Whether properly copyrighted or in the public domain, bracelet B4027 was undisputedly designed by Yurman. Therefore, even if Yurman derived the additional designs from B4027 the works would not be infringing works. *See, e.g., Gund, Inc. v. Swank, Inc.,* 673 F.Supp. 1233 (S.D.N.Y.1987) (finding that failure to identify a work as derivative in a copyright application where the original work was "the subject of a separate Gund

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in F.Supp.2d
2002 WL 31358991 (S.D.N.Y.), 2002 Copr.L.Dec. P 28,510
**(Cite as: 2002 WL 31358991 (S.D.N.Y.))**

Page 5

copyright and thus not in the public domain," did not invalidate the copyright).

Accordingly, Chaindom's second counterclaim is dismissed.

*Conclusion*

For the reasons stated above, Yurman's motion to dismiss Chaindom's second, sixth and eighth affirmative defenses is granted. Yurman's motion to dismiss Chaindom's first and second counterclaims is granted.

**\*5** SO ORDERED.

2002 WL 31358991 (S.D.N.Y.), 2002 Copr.L.Dec. P 28,510

**Motions, Pleadings and Filings (Back to top)**

. <u>1:99CV09307</u>         (Docket) (Aug. 30, 1999)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

# EXHIBIT C

Not Reported in F.Supp.2d  
2002 WL 31189696 (M.D.N.C.)  
(Cite as: 2002 WL 31189696 (M.D.N.C.))

Page 1

C

**Motions, Pleadings and Filings**

Only the Westlaw citation is currently available.

United States District Court, M.D. North Carolina.  
POINT DX INC., a Delaware Corporation, Plaintiff,  
v.  
VOXAR LIMITED, Defendant.  
No. Civ. 1:01CV01130.

Sept. 20, 2002.

*MEMORANDUM OPINION*

BULLOCK, J.

*1 On December 21, 2001, Point DX Inc. ("Plaintiff") filed this action against Voxar Limited ("Defendant") alleging patent infringement in violation of 35 U.S.C. § 271 et seq. Defendant asserts as an affirmative defense and counterclaim that the patents in suit are unenforceable because they were obtained through fraud and inequitable conduct.

This matter is before the court on Plaintiff's motion to strike as insufficient or, in the alternative, to dismiss, pursuant to Federal Rules of Civil Procedure 12(f) and 12(b)(6), Defendant's allegations of fraud and inequitable conduct. For the following reasons, the court will grant Plaintiff's motion to dismiss without prejudice and allow Defendant twenty (20) days to file an amended answer and counterclaim.

FACTS  
Plaintiff is the exclusive licensee of several patents that relate to the methods and systems for conducting computer-assisted three-dimensional visualization of internal organs. Defendant is a manufacturer of medical imaging software products and has developed custom imaging software packages for original equipment manufacturers. Plaintiff alleges that Defendant's medical imaging software products infringe one or more claims of its four patents.

In its answer, Defendant denies that its products infringe any valid patent. Furthermore, Defendant includes as an affirmative defense and counterclaim that the patents in suit were obtained as a result of fraud and inequitable conduct. Defendant alleges that Plaintiff failed to disclose material information and made material misstatements to the United States Patent and Trademark Office ("PTO"). On May 23, 2002, Plaintiff filed a motion to strike or dismiss Defendant's allegations of fraud and inequitable conduct, arguing that Defendant failed to plead these allegations with particularity in violation of Federal Rule of Civil Procedure 9(b).

DISCUSSION  
Federal Rule of Civil Procedure 9(b) provides that "[i]n all averments of fraud ..., the circumstances constituting fraud ... shall be stated with particularity." Fed.R.Civ.P. 9(b). Like an allegation of fraud, an allegation of inequitable conduct before the PTO is subject to the enhanced pleading requirements of Rule 9(b). See Rhone-Poulenc Agro S.A. v. Monsanto Co., 73 F.Supp.2d 537, 538 (M.D.N.C.1999); Wicker Group v. Standard Register Co. Inc., 33 U.S.P.Q.2d 1678, 1679 (E.D.Va.1994). Any pleading invoking the doctrine of inequitable conduct must plead the " 'time, place, and contents of the alleged fraudulent misrepresentation, as well as the identity of the person making the misrepresentation and what was obtained thereby." ' Rhone-Poulenc, 73 F.Supp.2d at 539 (quoting Breeden v. Richmond Cmty. Coll., 171 F.R.D. 189, 195 (M.D.N.C.1997)). This mandate is intended to give parties against whom a charge of inequitable conduct is made "specific notice of the particular statements or omissions" constituting the inequitable conduct, which thereby ensures that they have sufficient information to formulate an appropriate response. Id.; see also Harrison v. Westinghouse Savannah River Co., 176 F.3d 776, 784 (4th Cir.1999) (stating purposes of Rule 9(b)).

*2 Plaintiff asserts that Defendant's answer and counterclaim fails to give any specifics concerning what material information was withheld and what material misstatements were made to the PTO. Defendant's sixth affirmative defense reads:
> The '762 Patent, the '162 Patent, the '366 Patent and the '319 Patent are unenforceable as they were obtained as a result of fraud and inequitable conduct arising from failures to disclose material information and the making of material misstatements to the United States Patent and Trademark Office ('PTO'), with the intent to deceive; including, without limitation, intentionally

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

misleading and making material misrepresentations to the PTO in obtaining the '762 Patent, the '162 Patent, the '366 Patent and the '319 Patent by failing to disclose material prior art.

(Def.'s Answer and Countercl. at 7.) Paragraph 10 of Defendant's counterclaim essentially makes the same allegations as those stated in the sixth affirmative defense. Plaintiff argues that the only indication of what material information was not disclosed is the vague reference to some unidentified "material prior art."

Defendant contends that it has satisfied the particularity requirement of Rule 9(b). It argues that Plaintiff has ignored other paragraphs in its answer and counterclaim that provide additional information. Specifically, Defendant points to its second affirmative defense, which states in relevant part:

[I]f the claims of the patent are interpreted in a manner that results in the claims encompassing the Voxar medical imaging products, then the claims also encompass the relevant prior art, which includes but is not limited to prior art in the areas of *volume rendering, three-dimensional walk-through animation of human organs, 'fly-through' and center line calculation* and, therefore, are invalid.

(Def.'s Answer and Countercl. at 6) (emphasis added). Defendant argues that the inclusion of the prior art subject areas is specific enough to provide Plaintiff with adequate notice of the relevant prior art. The court disagrees.

Defendant's answer and counterclaim, even when viewed in its entirety, fails to provide the specificity required when pleading inequitable conduct. Defendant's reference to the prior art in the areas of volume rendering, walk-through animation, "fly-through," and center line calculation do not provide specific notice of the particular statements or omissions constituting the inequitable conduct. In fact, as Plaintiff correctly observes, many references identified and disclosed on the face of the subject patents could be characterized consistent with these subject areas. As such, Plaintiff is provided little guidance as to the specific prior art Defendant alleges it intentionally withheld.

In addition to a claim that Plaintiff failed to disclose relevant prior art, Defendant claims Plaintiff made material misstatements. Yet Defendant's answer and counterclaim is silent as to any circumstances related to this charge. Defendant does not identify who made the misstatements or what the misstatements were. Plaintiff is provided essentially no guidance on this claim and it cannot fairly be said that Plaintiff has enough information to formulate an appropriate response. Accordingly, Plaintiff's motion to dismiss the sixth affirmative defense and Paragraph 10 of Defendant's answer and counterclaim will be granted.

*3 Defendant requests, in the alternative, leave to amend its answer and counterclaim. Federal Rule of Civil Procedure 15(a) provides that leave to amend "shall be freely given when justice so requires ." Fed.R.Civ.P. 15(a). Only when leave to amend is sought in bad faith or with a dilatory motive should it be denied. *Foman v. Davis,* 371 U.S. 178 (1962). Defendant's request for leave to amend does not appear to be made in bad faith or with the intent to cause delay. Therefore, Defendant will be granted leave to amend, with greater particularity as required by Rule 9(b), its answer and counterclaim.

CONCLUSION

For the reasons set forth in this opinion, Plaintiff's motion to dismiss Defendant's sixth affirmative defense and Paragraph 10 of Defendant's counterclaim will be granted. Defendant's request for leave to amend its answer and counterclaim also will be granted. Defendant shall file its amended answer and counterclaim within twenty (20) days of the date of this order.

An order in accordance with this memorandum opinion shall be entered contemporaneously herewith.

2002 WL 31189696 (M.D.N.C.)

**Motions, Pleadings and Filings (Back to top)**

. 1:01CV01130 (Docket) (Dec. 21, 2001)

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.