UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| J.P. MORGAN CHASE BANK, | : | CIVIL ACTION NUMBER: |
| Plaintiff | : | 3:02-CV-2266 (AWT) |
| | : | |
| V. | : | |
| | : | |
| RIDGEFIELD PROPERTIES LLC, | : | |
| AND SAMUELS & ASSOCIATES | : | |
| MANAGEMENT, LLC | : | |
| Defendants. | : | APRIL 1, 2005 |

**DEFENDANTS' MEMORANDUM OF LAW IN OPPOSITION
TO PLAINTIFF'S MOTION TO STRIKE**

I.   INTRODUCTION.

By Complaint dated December 20, 2003, Plaintiff commenced this diversity action seeking declaratory relief and damages, asking the Court to excuse Plaintiff's refusal to vacate premises it leased from Defendant Ridgefield Properties LLC ("Ridgefield") at a plaza in Ridgefield, Connecticut at the end of the lease term. The Defendants have denied the material allegations of Plaintiff's Complaint, have asserted affirmative defenses, and Ridgefield has brought counterclaims against Plaintiff seeking damages against Plaintiff resulting from Plaintiff's refusal to vacate the leased premises and its improper

and malicious conduct in interfering with Ridgefield's lease relationships with other tenants in the Plaza, in particular Stop & Shop and Genovese Drug.

In its Fifth Affirmative Defense Defendants alleged:

> The Plaintiff engaged in fraudulent conduct in that at all times it acted in a manner to delay vacating the premises because it had no place to relocate to, notwithstanding it knew it had no legal right to remain in the leased premises.

Plaintiff has moved to strike this affirmative defense pursuant to F.R.C.P. Rule 12(f), complaining that these allegations fail to satisfy the particularity requirements of F.R.C.P. Rule 9(b). However, as we detail below, Plaintiff has misunderstood the purpose of Rule 12(f) and its motion should be denied or, in the alternative, granted with leave to Defendants to amend their affirmative defense.

II.  ARGUMENT.

A motion to strike made pursuant to Rule 12(f) concerns only "any insufficient defense or any redundant, immaterial, impertinent or scandalous matter." Plaintiff's claim here is only that Defendant's Fifth Affirmative Defense is insufficient; it does not complain of any redundant, immaterial, impertinent, or

scandalous allegations.

As has been stated in this District,

> [m]otions to strike . . . "are not favored and will not be granted unless it is clear that the allegation in question can have no possible bearing on the subject matter of the litigation."

Etienne v. Wal-Mart Stores, Inc., 197 F.R.D. 217, 219 (D. Conn. 2000) quoting Schramm v. Krischell, 84 F.R.D. 294, 299 (D. Conn. 1979). Thus, "'unless it appears to a certainty that plaintiffs would succeed despite any state of facts which could be proven in support of the defense,'" Id. (internal citations omitted), the motion to strike should be denied. Id. In conducting this analysis, "the defendant's pleadings must be construed liberally." Id. See also Landry v. Potter, 2005 U.S. Dist. LEXIS 1690 (D. Conn. 2005)(copy attached as Exhibit A) A party is to be given "the opportunity to prove his allegations if there is the possibility his defense or defenses may succeed after a full hearing on the merits." Carter-Wallace, Inc. v. Riverton Laboratories, Inc., 47 F.R.D. 366, 368 (S.D.N.Y. 1969); Canadian St. Regis Band of Mohawk Indians v. N.Y., 278 F. Supp. 2d 313, 356 (S.D.N.Y. 2003). Nor is this the type of defense which would "significantly complicate the litigation." Mohawk Indians, supra at 356.

Here it is far from clear that Plaintiff would succeed on <u>any</u> set of facts which could be proven to establish Plaintiff's fraudulent conduct. Specific examples of Plaintiff's fraudulent conduct are set forth in Defendant's Counterclaim, where Ridgefield alleges, *inter alia*, that in August, 2002, Chase forwarded to Ridgefield a new lease, but then refused to pursue negotiations and to comment on Ridgefield's proposals, all the while pursuing a site elsewhere without Ridgefield; knowledge; and that Chase knew both of the expiration date of December 31, 2002, and that it had no right to renew. (Counterclaim, ¶¶12-14, 17). Chase's failure to speak on matters it knew or intended that Ridgefield would rely upon constitutes common law fraud.

In <u>May Dept. Stores Co. v. First Hartford Realty Corp.</u>, 435 F. Supp. 849, 855 (D. Conn. 1977), Judge Blumenfeld refused to grant a Rule 12(f) Motion to Strike an affirmative defense of fraud. Noting that numerous questions of fact existed, the Court indicated it was premature to address the legal sufficiency of the defense, <u>Id</u>. The Court did not even address the issue of Rule 9(b) particularity. The same situation exists here, and Defendant urges the Court to adopt the approach of Judge Blumenfeld.

Plaintiff cannot establish that it is in any way prejudiced by the fact that the affirmative defense is not pleaded with the particularity Plaintiff would like. In the absence of any showing of prejudice by Plaintiff the motion to strike should be denied. Wenc v. Porsche Cars North America, Inc., 1994 U.S. Dist. LEXIS 6029 (D. Conn. 1994)(copy attached as Exhibit B)

Should the Court determine that Defendant's Fifth Affirmative Defense is insufficient, then pursuant to F.R.C.P. Rule 15(a) Defendants ask this Court for leave to amend to plead with greater particularity. Amendment at this time will not result in delay of the resolution of this matter, as discovery has only just begun and trial has not been scheduled. Foman v. Davis, 371 U.S. 178 (1962); Point Dx Inc. v. Voxar Limited, 2002, WL 31189696 (M.D.N.C. 2002) cited by Plaintiff and attached to its Memorandum at Tab C).

III.    <u>CONCLUSION</u>.

For all the foregoing reasons, Plaintiff's Motion to Strike should be denied, or, if granted, Defendant should be given the opportunity to amend its Answer and Affirmative Defenses pursuant to Rule 15(a).

        THE DEFENDANTS/COUNTERCLAIMANTS

By _____
    Jeffrey J. Mirman, Esq. (ct05433)
    LEVY & DRONEY, P.C.
    74 Batterson Park Road
    P.O. Box 887
    Farmington, CT  06034
    (860) 676-3120
    Its Attorneys

**CERTIFICATION OF SERVICE**

I hereby certify that a copy of the foregoing was mailed, postage prepaid, to the following counsel of record on this 1st day April, 2005 to:

Timothy S. Fisher, Esq.
Jason C. Welch, Esq.
MCCARTER & ENGLISH, LLP
CityPlace I
185 Asylum Street
Hartford, CT 06103

Lewis K. Wise, Esq.
Rogin, Nassau, Caplan, Lassman & Hirtle, LLC
185 Asylum Street, 22nd Floor
Hartford, CT 06103-3460

_____
Jeffrey J. Mirman

Service: **Get by LEXSEE®**
Citation: **2005 U.S. Dist. LEXIS 1690**



*2005 U.S. Dist. LEXIS 1690, \**

JOSEPH A. LANDRY & CORA R. LANDRY, Plaintiffs, v. CHRISTOPHER POTTER, DAVID J. BOUCHARD, d/b/a DJB TRUCKING, DJB TRUCKING, INC., Defendants.

No. 3:04cv380 (MRK)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

2005 U.S. Dist. LEXIS 1690

January 27, 2005, Decided

**DISPOSITION:** Plaintiffs' Motion to Strike denied.

### CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiffs filed a Fed. R. Civ. P. 12(f) motion to strike defendants' first affirmative defense that plaintiffs' negligence action was barred by the two-year statute of limitations set forth in Conn. Gen. Stat. § 52-584.

**OVERVIEW:** Plaintiffs' action arose from a motor vehicle accident that occurred in Massachusetts and allegedly injured a Connecticut resident. Plaintiffs argued that Massachusetts' law applied and that the action was timely under the three-year statute of limitations set forth in Mass. Gen. Laws ch. 260, § 2A. As a district court sitting in diversity, the court applied the rules of the forum state of Connecticut in resolving the choice-of-law issue. The court held that statutes of limitations were considered by Connecticut courts to be procedural rather than substantive; thus, the appropriate limitations period was established by the lex fori. The exception to the general rule was where the right of action did not exist at common law and the foreign limitations period was so interwoven with the statute creating the cause of action that it had become a necessary element of that cause of action. The exception did not apply in the instant case because the complaint sounded in simple negligence, which was recognized at common law and was not created by statute. Thus, the statute of limitations was procedural, and the statute of limitations of the forum, Conn. Gen. Stat. § 52-584, applied.

**OUTCOME:** The court denied the plaintiffs' motion to strike.

**CORE TERMS:** diversity, statute of limitations, choice-of-law, sitting, cause of action, right of action, affirmative defense, forum state, common law, case law, favored, sits

### LexisNexis(R) Headnotes ✦ Hide Headnotes

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Strike
**HN1** See Fed. R. Civ. P. 12(f).

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Strike
**HN2** A motion to strike an affirmative defense under Fed. R. Civ. P. 12(f) for legal insufficiency is not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in

support of the defense. More Like This Headnote

Civil Procedure > Pleading & Practice > Defenses, Objections & Demurrers > Motions to Strike
**HN3** Motions to strike are not favored and will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation. More Like This Headnote

Civil Procedure > State & Federal Interrelationships > Choice of Law
**HN4** To determine which state's law applies, a federal court sitting in diversity must apply the conflict-of-laws rules of the state in which the federal court sits. More Like This Headnote

Civil Procedure > State & Federal Interrelationships > Choice of Law
Governments > Legislation > Statutes of Limitations > Time Limitations
**HN5** Statutes of limitations rules are considered by Connecticut courts to be procedural, not substantive, and therefore the limitation period established by the lex fori governs. More Like This Headnote

Civil Procedure > State & Federal Interrelationships > Choice of Law
Governments > Legislation > Statutes of Limitations > Time Limitations
**HN6** A statute of limitations is generally considered to be procedural, especially where the statute contains only a limitation as to time with respect to a right of action and does not itself create the right of action. As a consequence, Connecticut federal courts have uniformly held that Connecticut's statutes of limitations ordinarily will govern in diversity actions. More Like This Headnote

Civil Procedure > State & Federal Interrelationships > Choice of Law
Governments > Legislation > Statutes of Limitations > Time Limitations
**HN7** The exception to the general rule that the limitation period in a diversity action is established by the lex fori is where the right of action did not exist at common law and the foreign statute of limitations is so interwoven with the statute creating the cause of action that forms the basis of the action as to become one of the congeries of the elements necessary to establish the right, in which event, that limitation goes with the cause of action wherever brought. More Like This Headnote

Civil Procedure > State & Federal Interrelationships > Application of State Law
Governments > Legislation > Statutes of Limitations > Time Limitations
Torts > Negligence > Negligence Generally
Torts > Procedure > Statutes of Limitations
**HN8** Where plaintiffs' complaint sounds in simple negligence, a cause of action recognized at common law and not created by statute, the exception to the general rule that the limitation period in a diversity action is established by the lex fori does not apply and therefore, a Connecticut court would consider the statutes of limitations procedural and would apply the statutes of limitations of the forum, Conn. Gen. Stat. § 52-584. More Like This Headnote

**COUNSEL:** [*1] For Joseph A. Landry, Cora R. Landry, Plaintiffs: Jason L. McCoy, Vernon, CT; Kenneth M. Rozich, Law Firm of Edward D. Jacobs, Law Firm of Edward D. Jacobs, New Haven, CT.

For Christopher Potter, David J. Bouchard d/b/a DJB Trucking, DJB Trucking Inc, Defendants: Daniel R. Canavan, Updike, Kelly & Spellacy, P.C., Hartford, CT; Richard W. Mather, Yules &

Get a Document - by Citation - 2005 U.S. Dist. LEXIS 1690    Page 3 of 5

Case 3:02-cv-02266-AVC    Document 73    Filed 04/01/2005    Page 10 of 14

Yules - NH, New Haven, CT.

**JUDGES:** Mark R. Kravitz, United States District Judge.

**OPINIONBY:** Mark R. Kravitz

**OPINION: RULING AND ORDER**

This diversity action arises from a motor vehicle accident that occurred in Massachusetts and allegedly injured a Connecticut resident. Pursuant to Rule 12(f) of the *Federal Rules of Civil Procedure*, Plaintiffs have moved to strike Defendants' First Affirmative Defense, which asserts that this negligence action is barred by the applicable statute of limitations. According to *HN1* Rule 12(f), "upon motion made by a party . . . the court may order stricken from any pleading any insufficient defense or any redundant, immaterial, or scandalous matter." Fed. R. Civ. P. 12(f). *HN2* "A motion to strike an affirmative defense under Rule [*2] 12(f) for legal insufficiency is not favored and will not be granted unless it appears to a certainty that plaintiffs would succeed despite any state of the facts which could be proved in support of the defense." *William Z. Salcer, Panfeld, Edelman v. Envicon Equities Corp.*, 744 F.2d 935, 939 (2d Cir. 1984), vacated on other grounds by 478 U.S. 1015 (1986); see also *Etienne v. Wal-Mart Stores, Inc.*, 197 F.R.D. 217, 219 (D. Conn. 2000) *HN3* ("Motions to strike . . . are not favored and will not be granted unless it is clear that the allegations in question can have no possible bearing on the subject matter of the litigation.") (internal quotation and citation omitted). Defendants' affirmative defense invokes Connecticut's two-year statute of limitations, Conn. Gen. Stat. § 52-584, but Plaintiffs contend that Massachusetts' law, not Connecticut's, governs and that this action is timely under Massachusetts' three-year statute of limitations, Mass. Gen. Laws Ch. 260, § 2A. The Court disagrees with Plaintiffs and therefore, DENIES their Motion to Strike [doc. # 12].

As the Supreme Court [*3] held long ago in *Klaxon Co. v. Stentor Elec. Mfg. Co.*, 313 U.S. 487, 496, 85 L. Ed. 1477, 61 S. Ct. 1020 (1941), a district court sitting in diversity must apply the rules of the forum state in resolving choice-of-law issues. See also *Cantor Fitzgerald Inc. v. Lutnick*, 313 F.3d 704, 710 (2d Cir. 2002) *HN4* ("To determine which state's law applies, a federal court sitting in diversity must apply the conflict-of-laws rules of the state in which the federal court sits."). Therefore, Connecticut's choice-of-law principles govern.

With an important exception discussed below, *HN5* statutes of limitations rules are considered by Connecticut courts to be procedural, not substantive, and therefore "the limitation period established by the *lex fori* governs." *Baxter v. Sturm, Ruger & Co.*, 230 Conn. 335, 339, 644 A.2d 1297 (1994); see *Morris Plan Indus. Bank v. Richards*, 131 Conn. 671, 674, 42 A.2d 147 (1945) (same); *Thomas Iron Co. v. Ensign-Bickford Co.*, 131 Conn. 665, 669, 42 A.2d 145 (1945) (same); see also *Lostritto v. Community Action Agency of New Haven, Inc.*, 269 Conn. 10, 22-23, 848 A.2d 418 (2004) *HN6* ("A statute [*4] of limitations is generally considered to be procedural, especially where the statute contains only a limitation as to time with respect to a right of action and does not itself create the right of action."). As a consequence, Connecticut federal courts have uniformly held that Connecticut's statutes of limitations ordinarily will govern in diversity actions such as the present case. See, e.g., *Stephens v. Norwalk Hosp.*, 162 F. Supp. 2d 36, 41-42 (D. Conn. 2001); *Brady v. U.S. Airways Group, Inc.*, 2001 U.S. Dist. LEXIS 5280, No. 3:00CV828 (AHN), 2001 WL 406327, at *1 (D. Conn. Apr. 4, 2001); *Slekis v. AMTRAK* 56 F. Supp. 2d 202, 204 (D. Conn. 1999); *Palacio v. Munies*, 1999 U.S. Dist. LEXIS 12393, No. 3:98CV01893 (GLG), 1999 WL 608818, at *2 (D. Conn. Aug. 5, 1999); *Drakatos v. Denison*, 493 F. Supp. 942, 944 (D. Conn. 1980); *Brown v. Merrow Machine Co.*, 411 F. Supp. 1162, 1164 (D. Conn. 1976). Cf. *Stuart v. American Cyanamid Co.*, 158 F.3d 622, 626-27 (2d Cir. 1998) ("Where jurisdiction rests upon diversity of citizenship, a federal court sitting in New

York must apply the New York choice-of-law rules **[*5]** and statutes of limitations. New York courts generally apply New York's statutes of limitations, even when the injury giving rise to the action occurred outside New York.") (citations omitted); *Association for Preservation of Freedom of Choice v. Simon*, 299 F.2d 212, 214 (2d Cir. 1962) ("Statutes of Limitations are traditionally considered to be procedural for conflicts purposes, and the forum state applies its own period of limitations to foreign claims for relief."). n1 As then-District Judge Jose A. Cabranes noted over 20 years ago, "in suits with multistate aspects, Connecticut courts (including a federal court sitting in Connecticut) apply Connecticut statutes of limitations." *Drakatos*, 493 F. Supp. at 944.

- - - - - - - - - - - - - - Footnotes - - - - - - - - - - - - - - -

n1 The lone exception to this consistent body of Connecticut federal court case law appears to be *Benefit Concepts N.Y., Inc. v. New Eng. Life Ins. Co.*, 2004 U.S. Dist. LEXIS 14813, No. 3:03CV1456 (DJS), 2004 WL 1737452, at *3-*9 (D. Conn. July 30, 2004). However, that decision did not discuss this long-standing body of case law and appears to have been focused on the parties' contractual choice of law provision. To the extent that *Benefits Concepts* suggests that under Connecticut's choice-of-law principles, statutes of limitations are ordinarily considered to be substantive rather than procedural, this Court rejects that suggestion.

- - - - - - - - - - - - End Footnotes- - - - - - - - - - - - - **[*6]**

**HN7** The exception to this general rule is where the right of action " 'did not exist at common law and the foreign statute of limitations is so interwoven with the statute creating the cause of action that forms the basis of the action as to become one of the congeries of the elements necessary to establish the right, [in which event,] that limitation goes with the cause of action wherever brought.' " *Feldt v. Sturm, Ruger & Co.*, 721 F. Supp. 403, 406 (D. Conn. 1989) (quoting *Ensign-Bickford Co.*, 131 Conn. at 669); see also *Stephens*, 162 F. Supp. 2d at 42; *Slekis*, 56 F. Supp. 2d at 205; *Baxter*, 230 Conn. at 340; *Ecker v. Town of West Hartford*, 205 Conn. 219, 231, 530 A.2d 1056 (1987).

Here, however, **HN8** because Plaintiffs' complaint "sounds in simple negligence, a cause of action recognized at common law and not created by statute," the exception noted above does not apply and therefore, a "Connecticut court would consider the statutes of limitations procedural and would apply the statutes of limitations of the forum, Conn. Gen. Stat. § 52-584." *Slekis*, 56 F. Supp. 2d at 205. **[*7]** Because the Court sits in diversity, we do likewise. Accordingly, the Court DENIES Plaintiffs' Motion to Strike [doc. # 12].

IT IS SO ORDERED.

/s/ Mark R. Kravitz

United States District Judge

Dated at New Haven, Connecticut: January 27, 2005

Service: **Get by LEXSEE®**
Citation: **2005 U.S. Dist. LEXIS 1690**
View: Full
Date/Time: Thursday, March 31, 2005 - 4:00 PM EST

Get a Document - by Citation - 1994 U.S. Dist. LEXIS 6029         Page 1 of 5

Case 3:02-cv-02260-AVC    Document 73    Filed 04/01/2005    Page 12 of 14

Ⓑ

Service: **Get by LEXSEE®**
Citation: **1994 U.S. Dist. LEXIS 6029**

*1994 U.S. Dist. LEXIS 6029, \**

JON WENC v. PORSCHE CARS NORTH AMERICA, INC. DR. ING.H.C.F.PORSCHE AKTIENGESELLSCHAFT also known as DR. ING.H.C.F.PORSCHE A G, and PORSCHE OF DOWNTOWN L.A.

CIVIL NO. 3:93CV1977(AVC)

UNITED STATES DISTRICT COURT FOR THE DISTRICT OF CONNECTICUT

*1994 U.S. Dist. LEXIS 6029*

January 21, 1994, Decided
January 24, 1994, Filed

## CASE SUMMARY

**PROCEDURAL POSTURE:** Plaintiff passenger filed a motion pursuant to Fed. R. Civ. P. 12(f) to strike as insufficient and/or redundant, 7 of the 10 affirmative defenses filed by defendant car maker as well as a portion of paragraphs 11(c) and 12(c) of the answer. The passenger had filed a claim asserting causes of action for negligence, strict liability, implied warranty and express warranty in addition to his general allegation of product liability.

**OVERVIEW:** The passenger filed a claim asserting that due to the defects inherent in the automobile manufactured by the car maker he was severely and permanently injured when the car in which he was a passenger collided with a utility pole. The passenger filed a claim against the car maker on the grounds of product liability, negligence, strict liability, implied warranty and express warranty. The passenger filed a motion pursuant to Fed. R. Civ. P. 12(f) to strike as insufficient seven of the car maker's affirmative defenses as well as a portion of the car maker's answer. The court denied the motion to strike the affirmative defense of failure to state a claim, concluding that the passenger had failed to demonstrate that there were no facts available which could overcome any of his theories of negligence, strict liability, or breach of warranty. The court found that the passenger had not cited any statute or case law that specifically prohibited the affirmative defenses. The court reasoned that it was unclear from the complaint what warranties in fact existed, therefore, this raised questions of fact that could not be resolved at this stage in the litigation.

**OUTCOME:** The court denied the passenger's motion to strike the car maker's seven affirmative defenses and a portion of the car maker's answer to the passenger's complaint asserting negligence, strict liability, products liability, and breach of warranty.

**CORE TERMS:** motion to strike, statute of limitations, stricken, affirmative defense, Connecticut Products Liability Act, redundant, immaterial, warranty, failure to state a claim, strict liability, prejudiced, passenger, pleaded, breach of warranty, disputed question, common law, counter, Connecticut Products Liability Act's, products liability, implied warranties, product liability, implied warranty, utility pole, manufactured, merchantable, prejudicial, impertinent, scandalous, collided, movant

**LexisNexis (TM) HEADNOTES - Core Concepts -** ✦ Hide Concepts

Get a Document - by Citation - 1994 U.S. Dist. LEXIS 6029

Case 3:02-cv-02266-AVC    Document 73    Filed 04/01/2005    Page 13 of 14

Page 4 of 5

law that precludes the striking of affirmative defenses. The court agrees with the defendant.

The plaintiff has not cited any statute or case law that specifically prohibits these affirmative defenses, nor is the court aware of any. At a minimum, there is a substantial [*5] or seriously disputed question of law that precludes the granting of a motion to strike. Mohegan Tribe v. State of Conn., 528 F. Supp. 1359 (1982).

2. Express and implied warranty statutes of limitations

The plaintiff next argues that the only statute of limitations that the defendants could possibly raise would be the one that applies to the Connecticut Products Liability Act, i.e., Conn. Gen. Stat. Ann. § 52-577a (West 1991). HN2 According to this statute, a products liability claim must be brought within three years from the date when the injury is first sustained or discovered. The plaintiff argues that he has filed suit within three years from the date of the injury and therefore, has complied with the Connecticut Products Liability Act's statute of limitations. The plaintiff contends, therefore, that there can be no serious question of law or fact with respect to the statute of limitations and that the statute of limitations affirmative defenses raised by the defendants, i.e., those for express and implied warranties, are completely irrelevant.

The defendants respond that they are not challenging the nature of the Connecticut Products Liability Act's [*6] statute of limitations but rather raised the statute of limitations with respect to express and implied warranties because the plaintiff alleged breaches of these warranties in his complaint. The defendant argues that it is not certain at this time about which warranties the plaintiff is referring because he did not specifically identify them. The defendant asserts that it pleaded these statute of limitations defenses because it is without sufficient factual knowledge to ascertain whether or not the defense is valid but raised them nevertheless to protect themselves should discovery reveal that the warranties purportedly relied upon by the plaintiff have expired. The defendants argue, therefore, that there are sufficient issues of fact with respect to the type and dates of the warranties that preclude the granting of a motion to strike. The court agrees.

It is unclear from the complaint what warranties in fact exist, therefore, this raises questions of fact that cannot be resolved at this stage in the litigation. HN3 "[A] motion to strike will not be granted if the . . . defense . . . raises factual issues that should be determined on a hearing on the merits." 5A Charles A. Wright & Arthur [*7] R. Miller, Federal Practice and Procedure § 1381, at 678 (1990).

3. Failure to state a claim and prejudice

The plaintiff next argues that the defendants' affirmative defense of failure to state a claim must be denied because he has properly alleged that he was injured by a product and that the defendants are product sellers. The defendants respond that they are not, by way of this defense, bringing a rule 12(b)(6) motion to dismiss at this time but simply alleged affirmatively that, even given the facts as alleged, the plaintiff has not pleaded a cause of action for which relief may be granted. The defendants argue that this defense is widely used to express the contention that evidence will be adduced that will avoid liability under some or all of the theories embodied in the complaint. Bobbitt v. Victorian House, Inc., 532 F. Supp. 734 (N.D. Ill. 1982). With respect to this defense, the defendant further contends that "the cautious pleader is fully justified in setting up as affirmative defenses anything that might possibly fall into that category even though that approach may lead to pleading matters as affirmative defenses that could have been [*8] set forth in simple denials." Id. at 736.

HN4 In order for the court to grant a motion to strike an affirmative defense of failure to state a claim, the plaintiff must demonstrate that there are no facts that could be addressed

which could conceivably overcome his theories of negligence, strict liability or breach of warranty. Durham Industries, Inc. v. North River Insurance Company, 482 F. Supp. 910, 914 (S.D.N.Y. 1979) (court declined to strike the defense of failure to state a cause of action where it was far from clear that defendant could produce no facts that would establish an excuse or justification to overcome a claim of prima facie tort). In addition, the plaintiff must demonstrate how he will be prejudiced if the defense is not stricken. Absent such a showing, the court will not strike this affirmative defense. See Laborers' Pension Fund v. Litgen Concrete Cutting & Coring Co., 128 F.R.D. 96 (N.D. Ill. 1989).

The court concludes that the plaintiff has failed to demonstrate that there are no facts available which could overcome any of his theories of negligence, strict liability, or breach [*9] of warranty. In addition, the court concludes that he will not be prejudiced if this affirmative defense is not stricken. Therefore, the motion to strike the affirmative defense of failure to state a claim is denied.

4. Paragraphs 11(c) and 12(c)

Paragraphs 11(c) and 12(c) contain identical language stating "the vehicle was of merchantable quality, and was fit and safe." The plaintiff moves to strike these portions of paragraphs 11(c) and 12(c) because such an affirmative defense does not belong in an answer and is redundant and immaterial. The defendants counter that the F.R.C.P. allow averments when answering a complaint and absent a showing of prejudice the motion to strike should be denied.

HN5 The court has broad discretion in disposing of a motion to strike redundant or immaterial matter. 5A Charles A. Wright & Arthur R. Miller, Federal Practice and Procedure § 1382, at 683 (1990). The motion will be denied unless the allegations have no possible relation to the controversy and may cause prejudice to the movant. Id. at 685, 690. It is unclear from the record that this allegation has no possible relation to the controversy. In addition, the plaintiff has failed to prove that [*10] denial of this motion will be prejudicial to him. The motion is denied, therefore, with respect to paragraphs 11(c) and 12(c).

CONCLUSION

For the foregoing reasons, Wenc's motions to strike (document numbers 24, 38, 40) seven of the Defendant's affirmative defenses and a portion of paragraphs 11(c) and 12(c) of the answer is denied.

SO ORDERED this 21st day of January, 1994 at Hartford, Connecticut.

Alfred V. Covello, U.S.D.J.

Service: Get by LEXSEE®
Citation: 1994 U.S. Dist. LEXIS 6029
View: Full
Date/Time: Friday, October 10, 2003 - 11:30 AM EDT

About LexisNexis | Terms and Conditions

Copyright © 2003 LexisNexis, a division of Reed Elsevier Inc. All rights reserved.