UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JPMORGAN CHASE BANK, | ) | |
| Plaintiff, | ) | CIVIL ACTION NO. |
| | ) | 3:02-CV-2266 (AVC) |
| v. | ) | |
| | ) | |
| RIDGEFIELD PROPERTIES LLC, | ) | |
| SAMUELS & ASSOCIATES | ) | |
| MANAGEMENT, LLC and THE STOP & | ) | |
| SHOP SUPERMARKET COMPANY, LLC, | ) | |
| | ) | |
| Defendants. | ) | April 29, 2005 |

## MOTION TO DISMISS SECOND COUNTERCLAIM OR, ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT

Pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, Plaintiff JPMorgan

Chase Bank, N.A., formerly known as JPMorgan Chase Bank, ("Chase") moves to dismiss The

Stop & Shop Supermarket Company, LLC's ("Stop & Shop") Second Counterclaim for failing to

state a claim upon which relief may be granted.

As stated more fully in the accompanying Memorandum of Law, the Second

Counterclaim fails to plead the requisite elements of a Connecticut Unfair Trade Practices Act

("CUTPA") violation. Specifically, pursuant to Connecticut law, Stop & Shop has not

adequately alleged that any of the activities complained of were performed as part of Chase's

conduct of trade or commerce. The alleged actions, if existent at all, were merely incidental to

Chase's primary business. Thus, Stop & Shop's Second Counterclaim does not state a claim

upon which relief may be granted and should, therefore, be dismissed.

Alternatively, in the case that its Motion to Dismiss Second Counterclaim is denied,

Chase respectfully moves the Court for an order requiring Stop & Shop to make its Second

**ORAL ARGUMENT REQUESTED**

Counterclaim more definite and certain with respect to Paragraphs 45 and 46 by pleading the following:

1.    how Chase's conduct relates to its trade and commerce;

2.    what conduct, including the time, place and content, as well as the representatives of Chase that engaged in such conduct, that constitutes unfair deceptive acts or practices and how same is related to Chase's trade and commerce;

3.    whether such acts or practices were oral or written and how they were directed toward Stop & Shop;

4.    the business transaction(s) or relationship, including details such as whether such transaction(s) or relationship was written or oral, isolated or recurring, that Stop & Shop had with Chase in which Defendant Stop & Shop bases its CUTPA claims;

5.    and what public policies, if any, Chase's conduct offends.

This alternate motion is made pursuant to Rule 12(e) of the Federal Rules of Civil Procedure and on the grounds that Chase is unable to ascertain from the pleading in its present state the nature of the CUTPA violation asserted with sufficient precision to prepare a responsive pleading.

This Motion is based on the records, papers, and pleadings of this action, as well as the accompanying Memorandum of Law.

WHEREFORE, the Plaintiff requests that the Court grant its Motion to Dismiss Second

Counterclaim or, alternatively, to grant its Motion for More Definite Statement.

> RESPECTFULLY SUBMITTED,
> THE PLAINTIFF,
> JPMORGAN CHASE BANK, N.A., FORMERLY
> KNOWN AS JPMORGAN CHASE BANK
> BY MCCARTER & ENGLISH, LLP
> ITS ATTORNEYS
>
>
> By: _____
>      Timothy S. Fisher (CT 05370)
>      Jason C. Welch (CT 23418)
>      McCarter & English, LLP
>      City Place I, 36th Floor
>      Hartford, CT 06103-3495
>      860.275.6775
>      tfisher@mccarter.com

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing MOTION TO DISMISS SECOND

COUNTERCLAIM OR, ALTERNATIVELY, FOR A MORE DEFINITE STATEMENT has

been sent via regular mail, postage prepaid this 29th day of April, 2005.

> Jeffrey J. Mirman, Esq.
> Levy & Droney PC
> 74 Batterson Park Road
> P.O. Box 887
> Farmington, CT 06034-0887
>
> Lewis Wise, Esq.
> Rogin Nassau
> CityPlace I
> 185 Asylum Street
> Hartford, CT  06103
>
> John C. LaLiberte, Esq.
> Anthony L. DeProspo, Esq.
> Sherin and Lodgen LLP
> 101 Federal Street
> Boston, MA  02110

_____
Jason C. Welch