

Not Reported in A.2d                                                                                                                          Page 1
2005 WL 531332 (Conn.Super.), 38 Conn. L. Rptr. 624
**(Cite as: 2005 WL 531332 (Conn.Super.))**

UNPUBLISHED OPINION. CHECK COURT RULES BEFORE CITING.

Superior Court of Connecticut,
Judicial District of Litchfield.
Mary Alice NATION
v.
ALLSTATE INSURANCE CO., et al.
No. CV040093456S.

Jan. 31, 2005.

Kenneth Lenz, Orange, for Mary Alice Nation.

Cramer & Anderson, Litchfield, for Bantam Fuel Inc.

Delsole & Delsole, LLP, Wallingford, for Allstate Insurance Co.

WILSON J. TROMBLEY, Judge.

### I. FACTUAL BACKGROUND

*1 This is an action brought by the plaintiff, Mary Alice Nation, against the defendants Allstate Insurance Company (Allstate) and Bantam Supply Company, Inc. (Bantam). On August 30, 2004, the plaintiff filed an amended four-count complaint against the defendants for losses she allegedly incurred as a result of the defendants' actions. In count four of the amended complaint, which is the only count relevant to the present motion to strike, the plaintiff alleges the following facts. The plaintiff was the owner of residential property located in Litchfield, Connecticut (property), which she used as a secondary residence. The property is heated by a central furnace fueled by home heating oil. On or about August 1, 2001, and on or about August 1, 2002, the plaintiff and Bantam entered into a "seasonal automatic fuel refilling agreement" for the delivery of home heating oil to the property. On or about February 1, 2003, the furnace in the property shut down as there was no oil remaining in the tank.

Because there was no heat, a water pipe froze and then burst resulting in water damage to the contents and structure of the property. The plaintiff notified Bantam that she would be making a claim to her insurance carrier, Allstate. Bantam was contacted by Allstate in regard to the plaintiff's claim, and made material written misrepresentations in regard to its home fuel delivery to the plaintiff, including that: (1) Bantam was unable to deliver fuel because the plaintiff's driveway had not been plowed and the snow was too deep; and (2) the plaintiff admitted to Bantam that she was made aware of the driveway not being plowed but ignored the message indicating she was too busy to travel to Connecticut. The foregoing misrepresentations were made by an officer of Bantam during the course and scope of his employment. The plaintiff further alleges that Bantam's misrepresentations "constitute an unfair or deceptive act or practice in the conduct of its trade or commerce," as they related to "its offering for sale and distribution home heating oil to a consumer," which is a violation of the Connecticut Unfair Trade Practice Act (CUTPA). As a result of the alleged misrepresentation made to Allstate, the plaintiff's claim was denied causing her loss.

On September 10, 2004, Bantam filed a motion to strike the fourth count of the plaintiff's complaint. The motion was accompanied by a memorandum of law. The plaintiff filed a memorandum of law in opposition to Bantam's motion to strike on October 18, 2004. On October 20, 2004, Bantam filed a reply to the plaintiff's objection.

### II. THE CLAIMS OF THE PARTIES

Bantam moves to strike the complaint on the ground that the plaintiff has failed to plead sufficient facts to support a CUTPA claim. Specifically, Bantam argues that its alleged misrepresentations were not made in the course of its trade or commerce, and that therefore the plaintiff has not stated a valid CUTPA claim.

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                                Page 2
2005 WL 531332 (Conn.Super.), 38 Conn. L. Rptr. 624
**(Cite as: 2005 WL 531332 (Conn.Super.))**

Bantam claims that the response it gave to the plaintiff's carrier was not an act or practice within the conduct of Bantam's trade or business. Bantam asserts that "mere unscrupulousness" in the conduct of business activities is not actionable under CUTPA, unless it occurs as part and parcel of the activities that constitute Bantam's trade or commerce. Bantam, therefore argues that it is not part of the business of Bantam to respond to inquiries and investigations conducted by its customer's insurance carrier. Thus, even if the response of an authorized officer of Bantam was replete with falsehoods and misrepresentations, such does not give rise to a CUTPA claim. In short, Bantam argues that such unscrupulous conduct as alleged by the plaintiff, is only actionable under CUTPA if it occurs within the context of Bantam's *primary* business and not merely incidental thereto.

*2 In response, the plaintiff argues that the alleged actions of Bantam were in the course of its trade or commerce, as the misrepresentations that were made to the third party related to the scheduled home heating oil delivery service Bantam provided to the plaintiff.

The plaintiff correctly asserts that the purpose of Connecticut's CUTPA statute was to afford remedial protection to consumers from unfair and deceptive business practices. The plaintiff argues that there is a clear "nexus" between the alleged deceptive conduct of Bantam's officer and the trade or business in which Bantam is engaged, i.e., the sale and delivery of fuel oil. The plaintiff alleges that Bantam lied to Allstate relative to its inquiry about the plaintiff's claim that Bantam failed to deliver fuel oil to the plaintiff's residence. The plaintiff questions how that conduct can be deemed to be unrelated to Bantam's primary business. The plaintiff asserts that the clear implication of such conduct was that the officer lied to the Allstate representative in order to avoid being held financially responsible for the plaintiff's loss.

### III. APPLICABLE LAW

"The motion to strike ... replaced the demurrer in our practice. Its function, like that which the demurrer served, is to test the legal sufficiency of a pleading." (Internal quotation marks omitted.) *RK Constructors, Inc. v. Fusco Corp.,* 231 Conn. 381, 384, 650 A.2d 153 (1994). "A motion to strike challenges the legal sufficiency of a pleading, and, consequently, requires no factual findings by the trial court." (Internal quotation marks omitted.) *Suffield Development Associates Ltd Partnership v. National Loan Investors, L.P.,* 260 Conn. 766, 771, 802 A.2d 44 (2002). The role of the trial court in ruling on a motion to strike is "to examine the [complaint], construed in favor of the [plaintiffs, to determine whether the [pleading party has] stated a legally sufficient cause of action." (Internal quotation marks omitted.) *Dodd v. Middlesex Mutual Assurance Co.,* 242 Conn. 375, 378, 698 A.2d 859 (1997). "In ruling on a motion to strike, the court is limited to the facts alleged in the complaint." (Internal quotation marks omitted.) *Faulkner v. United Technologies Corp.,* 240 Conn. 576, 580, 693 A.2d 293 (1997).

General Statutes § 42-110b(a) provides: "No person shall engage in unfair methods of competition and unfair or deceptive acts or practices in the conduct of any trade or commerce." General Statutes § 42-110a(4) defines trade and commerce as "the advertising, the sale or rent or lease, the offering for sale or rent or lease, or the distribution of any services and any property, tangible or intangible, real, personal or mixed, and any other article, commodity, or thing of value in this state." See *Danbury v. Dana Investment Corp.,* 249 Conn. 1, 19, 730 A.2d 1128 (1999); *Smithfield Associates, LLC v. Tolland Bank,* 86 Conn.App. 14, 27-28, 860 A.2d 738 (2004). "CUTPA is remedial in character ... and must be liberally construed in favor of those whom the legislature intended to benefit." (Internal quotation marks omitted .) *Service Road Corp. v. Quinn,* 241 Conn. 630, 637, 698 A.2d 258 (1997). "To state a claim under CUTPA, the plaintiff must allege that the actions of the defendant were performed in the conduct of trade or commerce." (Internal quotation marks omitted.) *Muniz v.. Kravis,* 59 Conn.App. 704, 711, 757 A.2d 1207 (2000). "The defendant's conduct is the dispositive factor in determining whether an act falls within CUTPA." (Internal quotation marks omitted.) *Hirsch v. Ginise,* Superior Court, judicial

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d

Page 3

2005 WL 531332 (Conn.Super.), 38 Conn. L. Rptr. 624

**(Cite as: 2005 WL 531332 (Conn.Super.))**

district of Stamford-Norwalk at Stamford, Docket No. CV 03 0194598 (February 27, 2004, Lewis, J.T.R) (36 Conn. L. Rptr. 695). "[I]f the facts that the plaintiff alleges are insufficient to frame [the] causes of action, the plaintiff cannot prevail." (Internal quotation marks omitted.) *Pergament v. Green,* 32 Conn.App. 644, 655, 630 A.2d 615, cert. denied, 228 Conn. 903, 634 A.2d 296 (1993).

\*3 "The Connecticut Supreme Court has not yet interpreted the 'trade or commerce' provision of CUTPA, and Superior Court cases addressing the issue have reached two diverging views in determining the definition of 'trade' or 'commerce.' Some cases have applied the analysis used by the United States District Court for the District of Connecticut, which held that where the actions of the defendant are incidental to its primary business, it cannot be liable under CUTPA." [FN1] (Internal quotation marks omitted.) *Duncan v. PEH I, LP,* Superior Court, judicial district of Hartford, Docket No. CV 02 0817088 (April 1, 2003, Booth, J.) (34 Conn. L. Rptr. 572). "Conversely, other Superior Court cases have followed the conclusion reached by the Supreme Court of Massachusetts in interpreting the Massachusetts Unfair Trade Practices Act. [FN2] These cases found that under a CUTPA claim, a transaction need not take place in the defendant's ordinary course of business so long as it takes place in a business context. [FN3] ... This business context standard essentially holds that an isolated transaction that occurs outside of the ordinary course of the defendant's primary business may constitute a CUTPA violation provided it takes place in a business context." (Citations omitted; internal quotation marks omitted.) *Duncan v. PEH I, LP, supra,* 34 Conn. L. Rptr. at 572. In *Duncan v. PEH I, LP,* the court held that "unless otherwise determined by the legislature or appellate authority, the 'business context' test is the applicable standard to apply to CUTPA claims." *Duncan v. PEH I, LP, supra,* 34 Conn. L. Rptr. at 572. The court agrees with the holding in *Duncan v. PEH I, LP,* and finds the line of cases that support the "business context" standard to be the more logical in light of the remedial nature of the CUTPA.

FN1. See *Barnes v. General Electric Co.,* Superior Court, judicial district of Hartford-New Britain at Hartford, Docket No. CV 93 0529354 (July 25, 1995, Hennessey, J.) (14 Conn. L. Rptr. 455); *Abely Waste Oil Services, Inc. v. Ravenswood Development Corp.,* Superior Court, judicial district of New Haven, Docket No. CV 95 0369487 (September 15, 1995, Hartmere, J.) (15 Conn. L. Rptr. 562).

FN2. The CUTPA statutes in Massachusetts are virtually identical to those in Connecticut. *Normand Josef Enterprises v. Connecticut National Bank,* 230 Conn. 1486, 521 (1994).

FN3. *Telesis Mergers and Acquisitions, Inc. v. Health Resources, Inc.,* Superior Court, judicial district of Middletown, Docket No. CV 00 0597269 (February 28, 2001, Gilardi, J.); *Feen v. Benefit Plan Administrators, Inc.,* Superior Court, judicial district of New Haven, Docket No. CV 406726 (September 7, 2000, Levin, J.) (28 Conn. L. Rptr. 137).

*IV. CONCLUSION*

In the present case, Bantam is in the business of providing home heating oil. The plaintiff has alleged that Bantam made material misrepresentations (lied) to a third party (the plaintiff's insurer) in regard to its scheduled home heating oil delivery to the plaintiff, which constituted an "unfair or deceptive act or practice in the conduct of its trade or commerce." As the misrepresentations made to the third party were within the business context of selling home heating oil, the court finds the plaintiff has sufficiently pleaded a CUTPA claim. Bantam's motion to strike count four of the plaintiff's second amended complaint is denied.

2006324114

2005 WL 531332 (Conn.Super.), 38 Conn. L. Rptr. 624

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.

Not Reported in A.2d                                                                                                     Page 4
2005 WL 531332 (Conn.Super.), 38 Conn. L. Rptr. 624
**(Cite as: 2005 WL 531332 (Conn.Super.))**

END OF DOCUMENT

© 2005 Thomson/West. No Claim to Orig. U.S. Govt. Works.