UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JPMORGAN CHASE BANK, | ) |
| | ) |
| Plaintiff, | ) CIVIL ACTION NO. |
| | ) 3:02-CV-2266 (AVC) |
| v. | ) |
| | ) |
| RIDGEFIELD PROPERTIES LLC, | ) |
| SAMUELS & ASSOCIATES | ) |
| MANAGEMENT, LLC, and THE STOP & | ) |
| SHOP SUPERMARKET COMPANY LLC, | ) |
| | ) |
| Defendants. | ) September 12, 2005 |

## JPMORGAN CHASE BANK'S ANSWER TO
## RIDGEFIELD PROPERTIES LLC'S COUNTERCLAIMS

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, JPMorgan Chase Bank, NA generally denies Ridgefield Properties LLC's ("Ridgefield Properties") and Samuels & Associates Management, LLC's ("Samuels") Affirmative Defenses and Answers the Counterclaims of Ridgefield Properties as follows.

**COUNT ONE: Breach of Lease**

1. Admitted.

2. Chase admits that at the time of the allegations in Ridgefield Properties' Counterclaims it was a New York Banking Corporation, though it is no longer, with its principal

place of business in New York, New York. Chase admits that it operated a retail bank branch at the Plaza until May 23, 2003. The remainder of the contentions in the Second Paragraph are denied.

### Jurisdiction and Venue

3. Admitted.

4. Chase admits that the Court has personal jurisdiction over Chase and admits that it conducted business in the State of Connecticut. Chase denies that Ridgefield Properties' claims arise out of Chase's conduct.

5. Chase admits that venue is proper, but denies that its conduct gave rise to Ridgefield Properties' claims.

### Statement of Facts

6. Chase admits the first sentence of Paragraph 6. Chase admits the second sentence of Paragraph 6 until May 23, 2003.

7. Chase denies the first sentence of Paragraph 7. Chase admits the second sentence of Paragraph 7.

8. Denied.

9. Chase denies the first sentence of Paragraph 9. Chase admits the second and third sentences of Paragraph 9.

10. Chase denies the phrase "or in the event Chase wanted to relocate offsite within a year." Chase admits the remainder of Paragraph 10.

11. Admitted.

12. Chase admits the second and third sentences of Paragraph 12. Chase denies the first and fourth sentence of Paragraph 12.

13. Denied.

14. Denied.

15. Denied.

16. Denied.

17. Chase objects to the allegations in Paragraph 17 as they refer to a confidential and privileged settlement communication and are not therefore admissible evidence. In addition, Chase denies these allegations as they characterize a document that speaks for itself.

18. Denied.

19. Denied.

20. Chase admits the first and second sentences of Paragraph 20. Chase denies the third and fourth sentences of Paragraph 20.

21. Chase admits the that there was "an action against Chase in the Superior Court Geographical Area no. 3 at Danbury Housing Session bearing Docket No. SP-03-11036." Chase

admits it entered a "Stipulation for Summary Process Judgment." Chase denies the remainder of Paragraph 21.

    22.    Denied.

    23.    Denied.

**COUNT TWO: Unfair Trade Practices**

    24.    Denied.

    25.    Denied.

**COUNT THREE: Tortious Interference**

    24.    Denied.

    25.    Denied.

## SPECIAL AND AFFIRMATIVE DEFENSES

Pursuant to Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure, JPMorgan Chase Bank asserts the following Affirmative and Special Defenses:

**FIRST DEFENSE.**

Each count of Ridgefield Properties' Counterclaims fails to state a claim upon which relief may be granted. With respect to Count Two in particular, Ridgefield Properties fails to allege, neither can it allege, that Chase Bank's purported wrongful conduct arises out of the trade and commerce in which Chase is engaged.

**SECOND DEFENSE.**

Chase incorporates its First Claim for Relief against Ridgefield Properties LLC and Samuels & Assoc. Management, LLC as its Second Defense. The Lease by its terms did not expire because of Force Majeure.

**THIRD DEFENSE.**

Chase incorporates its Second Claim for Relief against Ridgefield Properties and Samuels as its Third Defense. Ridgefield Properties was equitably estopped from evicting Chase and is equitably estopped from asserting its Counterclaims.

**FOURTH DEFENSE.**

Chase incorporates its Third Claim for Relief against Ridgefield Properties and Samuels as its Fourth Defense. Chase was equitably entitled to remain at the Copps Hill Plaza. Thus, Ridgefield Properties cannot state a cause of action arising from Chase's continued tenancy.

**FIFTH DEFENSE.**

Chase incorporates its Fourth and Sixth Claims for Relief against Ridgefield Properties and Samuels as its Fifth Defense. Ridgefield Properties breached the lease. Thus, Chase's subsequent conduct cannot form a basis for Breach of Lease or Tortious Interference.

**SIXTH DEFENSE.**

Chase incorporates its Fifth Claim for Relief against Ridgefield Properties and Samuels as its Sixth Defense. Chase relied on the negligent misrepresentations Ridgefield Properties.

**SEVENTH DEFENSE**

Ridgefield Properties failed to mitigate its damages.

**EIGHTH DEFENSE**

Ridgefield Properties caused its own injuries by failing to complete its construction project in a timely manner.

**NINTH DEFENSE**

        Any damages to Ridgefield Properties were liquidated and paid.

        RESPECTFULLY SUBMITTED,
THE PLAINTIFF,
JPMORGAN CHASE BANK,
BY MCCARTER & ENGLISH, LLP
ITS ATTORNEYS

By_____
  Timothy S. Fisher (CT 5370)
  tfisher@mccarter.com
  Jason C. Welch (CT 23418)
  jwelch@mccarter.com
  185 Asylum Street
  CityPlace I
  Hartford, CT  06103
  (860) 275-6700
  (860) 724-3397 fax

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing JPMORGAN CHASE BANK'S ANSWER TO RIDGEFIELD PROPERTIES LLC'S COUNTERCLAIMS has been mailed, postage pre-paid, this 12th day of September 2005 to

Lewis K. Wise, Esq.
Rogin, Nassau, Caplan, Lassman & Hirtle, LLC
CityPlace I, 22nd Floor
185 Asylum Street
Hartford, CT 06103-3460

Jeffrey J. Mirman, Esq.
Levy & Droney PC
74 Batterson Park Road
P.O. Box 887
Farmington, CT 06034-0887

John C. La Liberte, Esq.
Anthony DiProspo, Jr., Esq.
Sherin & Lodgen LLP
101 Federal Street
Boston, MA 02110

Jason C. Welch

ME1\5200659.1