UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JPMORGAN CHASE BANK, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) | 3:02-CV-2266 (AVC) |
| v. ) | |
| ) | |
| RIDGEFIELD PROPERTIES LLC, ) | |
| SAMUELS & ASSOCIATES ) | |
| MANAGEMENT, LLC, and THE STOP & ) | |
| SHOP SUPERMARKET COMPANY LLC, ) | |
| ) | |
| Defendants. ) | September 12, 2005 |

**JPMORGAN CHASE BANK N.A.'S ANSWER TO THE STOP & SHOP
SUPERMARKET COMPANY LLC'S FIRST COUNTERCLAIMS**

Pursuant to Rule 8 of the Federal Rules of Civil Procedure, JPMorgan Chase Bank, NA ("Chase") generally denies The Stop & Shop Supermarket Company LLC's ("Stop & Shop") First Defense and Third through Tenth Defenses and Answers the Counterclaims of Ridgefield Properties as follows.

1. Denied.

**Parties**

2. Admitted.

3. Denied.

## Facts

### Chase's Tenancy at the premises

4. Admitted.

5. Chase denies the first sentence of Paragraph 5. Chase admits the second sentence of Paragraph 5.

### Stop & Shop's Tenancy at the Premises

6. Chase has insufficient knowledge to admit or deny the allegations contained in Paragraph 6.

7. Chase has insufficient knowledge to admit or deny the allegations contained in Paragraph 7.

8. Chase has insufficient knowledge to admit or deny the temporal reference of the allegations contained in this Paragraph 8. Chase admits that other retail businesses, Genovese and Chase operated at the Premises over time. The remainder of the allegations in this Paragraph 8 are denied.

9. Chase has insufficient knowledge to admit or deny the allegations contained in this Paragraph 9.

10. Chase has insufficient knowledge to admit or deny the allegations contained in this Paragraph 10.

11.  Chase has insufficient knowledge to admit or deny the allegations contained in this Paragraph 11.

12.  Denied.

13.  Denied.

### Ridgefield's Failed Negotiations with Chase

14.  Chase has insufficient knowledge to admit or deny the allegations contained in Paragraph 14.

15.  Chase denies the first sentence of Paragraph 15. Chase admits the second and third sentences of Paragraph 15.

16.  Admitted.

17.  Chase admits the first and second sentences of Paragraph 17. Chase denies the third sentence of Paragraph 17.

18.  Chase admits the first and third sentences of Paragraph 18. Chase denies the second sentence of Paragraph 18.

19.  Denied.

### Commencement of the Expansion Project

20.  Chase has insufficient knowledge to admit or deny the allegations contained in Paragraph 20.

21.  Denied.

22. Denied.

23. Denied.

24. Chase objects to the allegations in Paragraph 24 as they reference confidential and privileged settlement communications that are not admissible evidence. In addition, the allegations in Paragraph 24 characterize a document that speaks for itself.

25. Denied. Moreover, the allegations in Paragraph 25 characterize documents that speak for themselves.

26. Chase denies the first sentence of Paragraph 26. Chase admits the second sentence of Paragraph 26.

27. Denied.

28. Chase admits the that there was "an eviction action against Chase in the Superior Court (Danbury Housing Session, Docket No. SP-03-11036)." Chase admits it entered a "Stipulation for Summary Process Judgment." Chase denies the remainder of Paragraph 28.

29. Denied.

30. Denied.

31. Denied.

32. Denied.

33. Denied.

34. Chase has insufficient knowledge to admit or deny the allegations contained in Paragraph 34.

35. Denied.

## Count I

### (Tortious Interference with Business Expectancies)

36. Chase repeats its answers and responses to Paragraphs 1-35 as if fully set forth herein.

37. Chase has insufficient knowledge to admit or deny the allegations contained in Paragraph 37.

38. Denied.

39. Denied.

40. Denied.

41. Denied.

42. Denied.

43. Denied.

## SPECIAL AND AFFIRMATIVE DEFENSES

Pursuant to Rules 8(c) and 12(b) of the Federal Rules of Civil Procedure, JPMorgan Chase Bank asserts the following Affirmative and Special Defenses:

**FIRST DEFENSE.**

      Failure to state a claim upon which relief may be granted.

**SECOND DEFENSE.**

      Chase incorporates its First Claim for Relief against Stop & Shop as its Second Defense in this action. The Lease by its terms did not expire because of Force Majeure.

**THIRD DEFENSE.**

      Chase incorporates its Third Claim for Relief against Stop & Shop as its Third Defense in this action. Chase was equitably entitled to remain at the Copps Hill Plaza. Thus, Stop & Shop cannot state a cause of action arising from Chase's continued tenancy.

**FOURTH DEFENSE.**

      Chase incorporates its Fourth Claim for Relief against Stop & Shop as its Fourth Defense. Ridgefield Properties breached the lease.

**FIFTH DEFENSE.**

Chase incorporates its Fifth Claim for Relief against Stop & Shop as its Fifth Defense. Chase relied on the negligent misrepresentations Ridgefield Properties.

**SIXTH DEFENSE**

Stop & Shop failed to mitigate its damages.

**SEVENTH DEFENSE**

Ridgefield Properties caused Stop & Shop's injuries, if any, by failing to complete its construction project in a timely manner.

**EIGHTH DEFENSE**

Any damages were liquidated and paid.

RESPECTFULLY SUBMITTED,
THE PLAINTIFF,
JPMORGAN CHASE BANK, N.A.
BY MCCARTER & ENGLISH, LLP
ITS ATTORNEYS

By_____
Timothy S. Fisher (CT 5370)
tfisher@mccarter.com
Jason C. Welch (CT 23418)
jwelch@mccarter.com
185 Asylum Street
CityPlace I
Hartford, CT  06103
(860) 275-6700
(860) 724-3397 fax

## CERTIFICATE OF SERVICE

This is to certify that a copy of the foregoing JPMORGAN CHASE BANK'S ANSWER TO FIRST COUNTERCLAIMS BY THE STOP & SHOP SUPERMARKET COMPANY LLC has been mailed, postage pre-paid, this 12th day of September 2005 to

Lewis K. Wise, Esq.
Rogin, Nassau, Caplan, Lassman & Hirtle, LLC
CityPlace I, 22nd Floor
185 Asylum Street
Hartford, CT 06103-3460

Jeffrey J. Mirman, Esq.
Levy & Droney PC
74 Batterson Park Road
P.O. Box 887
Farmington, CT 06034-0887

John C. La Liberte, Esq.
Anthony DiProspo, Jr., Esq.
Sherin & Lodgen LLP
101 Federal Street
Boston, MA 02110

_____
Jason C. Welch