UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JPMORGAN CHASE BANK, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION NO. |
| ) | 3:02-CV-2266 (AVC) |
| v. ) | |
| ) | |
| RIDGEFIELD PROPERTIES LLC, ) | |
| SAMUELS & ASSOCIATES ) | |
| MANAGEMENT, LLC, and THE STOP & ) | |
| SHOP SUPERMARKET COMPANY, LLC, ) | |
| ) | |
| Defendants. ) | March 10, 2005 |

### MOTION TO DISMISS THIRD COUNTERCLAIM

Plaintiff JPMorgan Chase Bank ("Chase"), pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, moves to dismiss Defendant Ridgefield Properties LLC's ("Ridgefield Properties") Third Counterclaim for failing to state a claim upon which relief may be granted.

As stated more fully in the accompanying Memorandum of Law, the Third Counterclaim fails to plead, other than by bald assertions, the requisite elements of a claim for tortious interference. Specifically, Ridgefield Properties has not adequately alleged malice, which is required pursuant to Connecticut law. Furthermore, to the extent that Ridgefield Properties seeks to claim economic losses in tort from conduct reached by its lease with Chase, it cannot do so. Such claims are barred by Connecticut's economic loss rule. Thus, Ridgefield Properties' Third Counterclaim does not state a claim upon which relief may be granted and should, therefore, be dismissed.

*[Handwritten margin note: The motion is denied without prejudice to its reargument, if desired, after discovery by way of summary judgment motion. SO ORDERED. September 27, 2005. Alfred V. Covello, U.S.D.J.]*

*[Handwritten top note: Memo in paper form Oversized pdf]*

HARTFORD: 634746.01