UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JP MORGAN CHASE BANK,<br><br>    Plaintiff<br>    (Defendant-in-Counterclaim),<br><br>v.<br><br>RIDGEFIELD PROPERTIES, LLC, and<br>STOP & SHOP SUPERMARKET CO.<br>(sic),<br><br>    Defendants<br>    (Plaintiffs-in-Counterclaim). | CIVIL ACTION NO. 3:02 CV 02266 (AVC) |

FILED
2005 OCT -7 P 4:35
US DISTRICT COURT
HARTFORD CT

**STIPULATION AND ORDER GOVERNING THE PRODUCTION
AND EXCHANGE OF CONFIDENTIAL INFORMATION**

JP Morgan Chase Bank ("Chase") and The Stop & Shop Supermarket Company LLC ("Stop & Shop"), parties to the above-captioned action (the "Action"), hereby stipulate and agree to the following:

1.     <u>Scope.</u>

This Stipulation applies to all documents and information produced or disclosed by any person or party in response to any discovery request or subpoena or otherwise in the Action.

2.     <u>Parties.</u>

The provisions of this Order shall be binding on, and shall inure to the benefit of, the parties to the Action (hereinafter, "Parties") and their successors and assigns. All individuals or entities who have signed a Declaration of Confidentiality (appended hereto as <u>Attachment A</u>) shall also be bound by the provisions of this Order.

00082562.DOC / 2

3.  Designation of Confidential Material.

Documents and information produced in discovery in this action may be designated as "Confidential" by the Party producing such documents or information or otherwise having the right to protect the confidential and/or proprietary nature of such documents or information. (The Party making such a designation of confidentiality shall be called the "Designating Party" for purposes of this Order.) The Designating Party may designate as "Confidential" only documents and information within the scope of Rule 26(c) of the Federal Rules of Civil Procedure that the Designating Party in good faith considers to constitute, reflect, or reveal confidential or proprietary business information, or other information required by law or by agreement to be kept confidential.

All documents and information designated as "Confidential" and all information contained therein, including all copies, excerpts, paraphrasings, summaries, notes or other memorialization, shall be subject to this Stipulation.

4.  Attorneys-Eyes Only Material.

A Designating Party may also designate materials or information as "Attorneys Eyes Only" material. Such designation may be applied only to materials or information that the Designating Party reasonably believes likely to cause it material competitive injury if disclosed to the Non-Designating Party. Materials or information designated as "Attorneys Eyes Only" may be disclosed only to counsel or their paralegals absent consent from the Designating Party or further Order from the Court.

5.  Use of Produced Documents and Information.

All documents and information produced or disclosed in the Action, including, without limitation, in response to requests for the production of documents, interrogatories, requests for

admission, deposition questions, subpoenas, any other discovery devices, and including, without limitation, all such documents and information which are designated as Confidential and/or Attorneys Eyes Only, shall be used solely for the purpose of conducting this Action and shall not be used for any other purpose, including, without limitation, any business or commercial purpose.

In the event that counsel appearing of record for any party hereto files with or submits to this Court any Confidential Information, by way of pleadings, motions, briefs or other papers containing or making reference to Confidential Information, such documents shall be filed in a sealed envelope on which a statement substantially in the following form shall be endorsed:

CONFIDENTIAL

> This envelope contains documents that are subject to a Protective Order entered by the Court on _____, 2005 in this action governing the use of confidential material.

All such materials so filed shall be maintained by the Clerk of the Court separate from the public records in this action and shall be released only upon further order of the Court.

6.  Disclosure of Confidential Materials.

Confidential Materials reviewed, produced or disclosed in this Action shall not be disclosed, provided or made available by a recipient to any person or entity, without the prior written permission of the Designating Party, except the following:

    a.    the Parties to this Action, including the Parties' officers, directors and employees, all of whom are subject to the terms of this Stipulation;

    b.    the Court, its employees, court reporters, and the jury, if any;

    c.    counsel (both in-house and outside legal counsel) for the Parties in this Action, and clerical, paralegal and secretarial staff employed by such counsel, all of whom are subject to the terms of this Stipulation;

    d.    actual or potential witnesses in this Action, and their counsel, during the course of, or to the extent necessary, in preparation for depositions or testimony in this Action, or to the extent necessary to determine whether they are proper deponents or witnesses in this Action, provided that counsel for the Party disclosing any Confidential Materials to any such actual or potential witness or deponent reasonably believes such person has properly discoverable information concerning the Confidential Materials to be disclosed; and provided further that any non-party witness sign the Declaration of Confidentiality attached hereto before being provided with any Confidential Material.

    e.    outside experts or consultants who are retained by counsel for the Parties expressly for the purpose of assisting counsel in, or for testimony in, this Action; and

    f.    outside court reporters and videographers or photocopying, document imaging or database services retained by counsel for the Parties to record deposition testimony or to photocopy or process documents and information.

7.    <u>Signing of Declaration of Confidentiality.</u>

Every person to whom Confidential and/or Attorneys Eyes Only Materials are disclosed first shall be advised of the contents of this Stipulation and shall, prior to such disclosure, confirm their understanding of and agreement to abide by the terms of this Stipulation by signing the declaration appended hereto as Attachment A. Counsel shall maintain such declarations in their files, and shall provide copies to counsel for the other Parties upon the conclusion of this Action.

8.    <u>Subpoena from Third Party.</u>

Either Party hereto, upon receipt of any subpoena from a third party seeking disclosure or production of documents or information which have been designated as Confidential and/or Attorneys Eyes Only pursuant to this Stipulation, shall provide prompt written notice of such subpoena to the Designating Party whose document or information has been subpoenaed. The

recipient of the subpoena shall cooperate in good faith with the Designating Party in the preparation and filing of objections to the subpoena, if any.

9. <u>Inadvertent Production of Confidential Materials Stipulation.</u>

The unintentional production of Confidential and/or Attorneys Eyes Only documents or information to a requesting Party in discovery in this Action, whether by inadvertence, gross negligence or otherwise, shall not waive any protection for such documents or information under this Stipulation. At any time after the production of documents or information that the producing Party or other Designating Party considers to be Confidential and/or Attorneys Eyes Only, the producing Party or other Designating Party may designate such documents or information as Confidential and/or Attorneys Eyes Only Material. The receiving Party shall immediately designate the identified documents or information accordingly (or at its option request the Designating Party to affix the Confidentiality and/or Attorneys Eyes Only designation) and shall thereafter handle such documents or information accordingly.

10. <u>Documents or Information Introduced at Deposition.</u>

Attendance at deposition at which Confidential and/or Attorneys Eyes Only Materials are identified, discussed or disclosed shall be limited to those persons who are authorized to receive such documents or information under the terms of this Stipulation.

11. <u>Objections to Designation.</u>

Should any Party object to any other Party or person's designation of documents or information as Confidential and/or Attorneys Eyes Only, the objecting Party shall notify opposing counsel of the objections, and counsel shall promptly confer in an attempt to resolve the matter. If after ten (10) business days the matter remains unresolved, the objecting Party may then apply to the Court for a determination of whether the designation should be removed. If no

such application is made, the documents or information shall remain as designated. Any information which has been designated as Confidential and/or Attorneys Eyes Only but which is subject to a dispute as to its proper designation shall be treated as it has been designated pending resolution of the dispute.

12.  Return of Documents or Information.

At the conclusion of the Action, by final dismissal, judgment or settlement, with all time to appeal having expired, all Confidential and/or Attorneys Eyes Only Materials covered by this Stipulation, and all copies of same, and all documents or portions thereof containing information derived from documents or information covered by this Stipulation, shall be returned by the receiving Party (or person and/or their agents or representatives to the producing Party or person) or shall be destroyed, and counsel of record shall certify in writing within thirty (30) days of the conclusion of the Action that such material has been returned or destroyed.  After the conclusion of the Action, each consultant or expert retained by counsel for the Parties who receives Confidential and/or Attorneys Eyes Only Materials shall also return such materials or certify in writing that such materials have been destroyed.  The rights and obligations contained herein shall survive the conclusion of this Action and the return and/or destruction of documents and information to be treated as Confidential and/or Attorneys Eyes Only Materials hereunder.

13.  Binding Nature of Order.

The Parties agree promptly to submit this Stipulation to the Court and to move the Court to enter it as a Protective Order governing this Action.  The Stipulation shall be binding upon the Parties and counsel and their officers, directors, and employees (and all persons who sign the declaration appended hereto as Attachment A) and any successors or assigns, whether or not the Court enters it as an Order of the Court.

| JP MORGAN CHASE BANK, N.A., | THE STOP & SHOP SUPERMARKET COMPANY LLC, |
|---|---|
| By its attorneys, *[signature]* <br> Timothy S. Fisher <br> Jason C. Welch <br> McCARTER & ENGLISH, LLP <br> City Place I, 36th Floor <br> Hartford, Connecticut 06103-3495 <br> (860) 275-6775 | By its attorneys, *[signature]* <br> Lewis K. Wise <br> ROGIN NASSAU CAPLAN LASSMAN & HIRTLE LLC <br> CityPlace I, 22nd Floor <br> Hartford, CT 06103 <br> (860) 278-7480 |

SO ORDERED this <u>11th</u> day of <u>OCT</u>, 2005.

<u>Alfred V. Covello / U.S.D.J.</u>
~~XXXXXXXXX~~

## **ATTACHMENT A**

## DECLARATION OF CONFIDENTIALITY

I, _____, hereby state as follows:

I reside at _____;

I hereby acknowledge that I am to receive documents or information pursuant to the terms of the Stipulation and Order Governing the Production and Exchange of Confidential Information (the "Order") in Civil Action No. 3:02 CV 02266, entitled <u>JP Morgan Chase Bank, N.A. v. Ridgefield Properties, LLC, et al.</u>, pending in the United States District Court for the District of Connecticut (the "Litigation"). I certify that I have read and understand the Order.

I am familiar with and agree to comply with and be bound by the provisions of said Order. I understand that I am to retain all Confidential and/or Attorneys Eyes Only Materials in a confidential and secure manner, and that all such materials are to remain in my personal custody until I have completed my assigned duties, whereupon all Confidential and/or Attorneys Eyes Only Materials, including but not limited to, all writings prepared by me containing, reflecting or relating to any Confidential and/or Attorneys Eyes Only Materials, are to be returned to counselor for the Party who provided me with such materials. I further understand and agree that any summaries or other documents containing knowledge or information obtained or derived from documents or information furnished to me pursuant to the Order also shall be treated by me as Confidential and/or Attorneys Eyes Only Materials and in accordance with my treatment of the actual documents or information themselves. I also agree to notify the Parties in this Action if I receive a subpoena calling for the production of documents or information covered by this Order so that they may seek a protective order.

I will not divulge to persons other than those specifically authorized by the Order, and will not copy or use except solely for the purpose of this action between the Parties, any documents or information obtained pursuant to the Order, except as specifically provided in the Order. I understand that all Confidential and/or Attorneys Eyes Only Materials shall be used solely for the purpose of conducting the Litigation and may not be used for any other purpose, such as any business or commercial purpose. I understand that the obligations of confidentiality under the Order do not expire. I also agree to notify any stenographic or clerical personnel who are required to assist me of the terms of the Order.

I state under penalties of perjury that the foregoing is true and correct.

Executed on the _____ day of _____, _____.

By: _____.

00082562.DOC / 2    -8-